## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICK BREMMER, and**<br>**WASTE CONNECTIONS, INC.,**<br>   Plaintiffs,<br>   vs.<br>**APPLETON ELECTRIC, LLC, and**<br>**EMERSON ELECTRIC, LLC,**<br>   Defendants. | **8:12CV436**<br><br>**ORDER** |

This matter is before the court on the plaintiffs', Rick Bremmer (Bremmer) and Waste Connections, Inc. (Waste Connections), Motion for Order Compelling Discovery (Filing No. 30). The plaintiffs filed a brief (Filing No. 31) and index of evidence (Filing No. 32) in support of the motion. The defendants, Appleton Electric, LLC, (Appleton) and Emerson Electric, Co.[1], filed a brief (Filing No. 34) in opposition. The plaintiffs did not file a reply.

## BACKGROUND

The plaintiffs' action arises from an injury Bremmer sustained on Appleton's premises. See Filing No. 1-1 - Complaint. On May 25, 2011, Bremmer was on Appleton's premises to deliver a roll-off box for Waste Connections when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep. *Id.* ¶¶ 9-13. Bremmer alleges he sustained a torn rotator cuff and herniated disc, underwent medical care for his injuries, and incurred medical expenses, which will continue into the future. *Id.* ¶ 19. Additionally, Bremmer alleges he suffered lost wages, pain, and suffering. *Id.* ¶¶ 20-21. Waste Connections alleges it has paid and will continue to pay worker's compensation benefits to Bremmer. *Id.* ¶ 22.

On December 20, 2012, the defendants removed this action from the District Court of Platte County, Nebraska, to the United States District Court for the District of Nebraska. See Filing No. 1 - Notice of Removal. On September 21, 2012, the plaintiffs

---

[1] The defendants represent Emerson Electric, Co. is improperly named Emerson Electric, LLC. See Filing No. 34 - Response p. 1.

served the defendants with interrogatories and requests for production.[2]  **See** Filing Nos. 31 - Brief p. 1; 32-1 Ex. 1 - Interrogatories to Defendants, Ex. 2 - Requests for Production.  The defendants generally objected on the grounds the information sought is privileged and the discovery requests are overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  **See** Filing No. 32-1 Ex. 3 - Defendant's Objections to Plaintiffs' First Set of Interrogatories, Ex. 4 - Defendant Appleton Electric, LLC's Objections to Plaintiffs' First Set of Requests for Production.  On December 4, 2012, and January 10, 2013, the plaintiffs attempted to resolve the discovery issues.  **See** Filing No. 32-1 Ex. 5 - December 4, 2012, letter, Ex. 6 - January 10, 2013, letter.  The plaintiffs' counsel also called the defendants' counsel to resolve discovery issues.  **See** Filing No. 32-1 Ex. 5 - Certification of Good Faith Resolution Attempt ¶ 4.  On March 8, 2013, the defendants provided supplemental responses to the plaintiffs' interrogatories and requests for production.  **See** Filing No. 32-1 Ex. 7 - Defendant's Supplemental Answers to Plaintiffs' First Set of Interrogatories, Ex. 8 - Defendant's Supplemental Responses to Plaintiffs' First Set of Requests for Production.  The plaintiffs sent another letter on March 28, 2013, in an attempt to resolve the defendants' objections in the supplemental responses, but the defendants did not respond.  **See** Filing No. 32-1 Ex. 9 - March 28, 2013, letter.  The court finds the parties made sincere attempts to resolve their disputes prior to seeking court involvement as required by NECivR 7.1(i) and Fed. R. Civ. P. 37(a)(1).

The plaintiffs filed the instant motion on April 17, 2013.  **See** Filing No. 30 - Motion.  The plaintiffs seek an order compelling the defendants to respond fully to Interrogatory Nos. 3 and 15 and Request for Production No. 5.  *Id.* at 1.  The plaintiffs argue the discovery requests seek relevant information.  **See** Filing Nos. 31 - Brief p. 2-3.  The defendants argue they have sufficiently answered the plaintiffs' discovery requests and maintain their prior objections.  **See** Filing No. 34 - Response p. 1-6.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an

---

[2] The court notes no certificates of service were filed as required by the Civil Rules of the United States District Court for the District of Nebraska 33.1(e) and 34.1(b).

important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" **WWP, Inc. v. Wounded Warriors Family Support, Inc.**, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See Cervantes v. Time, Inc.**, 464 F.2d 986, 994 (8th Cir. 1972).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." **Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton**, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. **St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.**, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See Wagner v. Dryvit Sys., Inc.**, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested discovery. **See id.**

Generally, the court has authority to limit the scope of discovery. **Roberts v. Shawnee Mission Ford, Inc.**, 352 F.3d 358, 361 (8th Cir. 2003). The Federal Rules authorize the court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Moreover, the court may also limit

discovery after considering "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Interrogatory No. 3 seeks information on all employees and visitors on Appleton's premises on May 25, 2011. **See** Filing No. 32-1 Ex. 1 - Interrogatory No. 3. The plaintiffs state the "name and contact information of all persons on the premises when the injury happened is particularly relevant and Defendant should be compelled to answer." **See** Filing No. 31 - Brief p. 2.

The defendants argue Interrogatory No. 3 is extremely broad, seeks little relevant information, and is not limited in time or to people at the Appleton premises that would have information regarding the incident. **See** Filing No. 34 - Response p. 3. The defendants state Appleton operated a large industrial facility and argue accessing records from two years ago and searching for all people on the premises on May 25, 2011, is unduly burdensome, especially when the time and expenses necessary to properly respond is compared with the lack of value the information will provide. *Id.*

The plaintiffs provide a conclusory statement that the information sought in Interrogatory No. 3 is relevant without further explaining why information on *all* persons at Appleton's premises on May 25, 2011, is important to the plaintiffs' case. The interrogatory is not sufficiently limited to the relevant location where Bremmer alleges his injury occurred. To the extent the plaintiffs' interrogatory seeks information on individuals not present in the area of the alleged incident, it is overly broad. However, the information is relevant. Therefore, the defendants shall supplement their answer to Interrogatory No. 3 and provide the plaintiffs with information on persons visiting or working in the portion of the facility where Bremmer allegedly sustained an injury on May 25, 2011.

Interrogatory No. 15 requests the defendants to "describe any actions or precautions taken by Appleton Electric, or its employees or agents, to protect visitors or warn them of the open pits or any other dangerous conditions located inside the Appleton Electric building." **See** Filing No. 32-1 Ex. 1 - Interrogatory No. 15. In a

4

supplemental answer, the defendants stated "numerous signs warning of potential dangers [were] at the facility instructing visitors on where to proceed when on the premises. Appleton also informed visitors and their employers on how to proceed when on the premises." See Filing No. 32-1 Ex. 7 - Defendant's Supplemental Answers to Plaintiffs' First Set of Interrogatories.

The plaintiffs argue information sought in Interrogatory No. 15 is relevant given that this case concerns an injury that occurred in an open pit. See Filing No. 31 - Brief p. 2. The plaintiffs' ask the court to compel the defendants to answer the interrogatory more specifically, including a description of the signs and information provided to visitors at the Appleton premises. *Id.* at 2-3.

The defendants argue the plaintiffs' very broad interrogatory justifies the defendants' answer. See Filing No. 34 - Response p. 1, 4-5. The defendants argue, to the extent the plaintiffs' motion now seeks information detailing the content of signs and instructions referenced in the defendants' supplemental answer, the motion should be denied because the plaintiffs' general interrogatory did not seek such information. *Id.* at 4. The defendants argue the plaintiffs' motion is nothing more than a follow-up question. *Id.* Additionally, the defendants represent Bremmer, with his counsel, already conducted an unrestricted onsite inspection of Appleton's vacant facility and were able to see all signage and warnings. *Id.*

The defendants sufficiently answered Interrogatory No. 15 for purposes of Fed. R. Civ. P. 26. The defendants described the actions or precautions they took included signs warning people of potential dangers and instructions directing visitors where to proceed when on the premises. If the plaintiffs require additional information, the plaintiffs may seek the information through other discovery means.

Request for Production No. 5 seeks documents, correspondence, and emails regarding Appleton's removal of fixtures and equipment from its premises. See Filing No. 32-1 Ex. 2 - Request for Production No. 5. The plaintiffs argue the information is relevant because Bremmer's injury may have occurred in a large hole previously containing a fixture and equipment. See Filing No. 31 - Brief p. 3.

The defendants argue removal of fixtures or equipment from Appleton's premises is irrelevant because Bremmer does not allege he was injured by a fixture or equipment.

5

**See** Filing No. 34 - Response p. 5.  The defendants also argue this request is not limited to a specific timeframe and is therefore unduly burdensome and overly broad. *Id.*

The court finds the plaintiffs failed to meet their burden of showing information regarding Appleton's removal of a fixture or equipment from its premises bears on issues in this case.  The plaintiffs have not explained how what may have previously occupied the hole Bremmer allegedly fell into has any relevance to the plaintiffs' claims and defenses.  The plaintiffs' conclusory statements the information is within the scope of this dispute are insufficient to compel production.  Upon consideration,

**IT IS ORDERED**:

1. The plaintiffs' Motion for Order Compelling Discovery (Filing No. 30) is granted in part and denied in part.  The plaintiffs' motion is granted with regard to Interrogatory No. 3, as amended by the court, and denied in all other respects.

2. **On or before May 31, 2013**, the defendants shall amend its answer to Interrogatory No. 3 as provided in this order.

### ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 15th day of May, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge