IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICK BREMMER and**<br>**WASTE CONNECTIONS, INC.,**<br>        Plaintiffs,<br>    vs.<br>**APPLETON ELECTRIC, LLC, and**<br>**EMERSON ELECTRIC, LLC.,**<br>        Defendants. | **8:12CV436**<br><br>**ORDER** |

This matter is before the court on the defendants' Motion to Compel (Filing No. 46). The defendants filed a brief (Filing No. 47) and an index of evidence (Filing No. 48) in support of the motion. The plaintiffs filed a brief (Filing No. 52) in opposition to the motion. The defendants filed a brief (Filing No. 55) and an index of evidence (Filing No. 56) in reply.

## BACKGROUND

The plaintiffs' action arises from an injury Rick Bremmer (Bremmer) sustained on the defendant Appleton Electric, LLC's (Appleton) premises. See Filing No. 1-1 - p. 1 Complaint. On May 25, 2011, Bremmer was on Appelton's premises to deliver an order for Waste Connections, Inc. (WCI) when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep. *Id.* ¶¶ 9-13. Bremmer alleges he sustained a torn rotator cuff and herniated disc, underwent medical care for his injuries, and incurred medical expenses which will continue into the future. *Id.* ¶ 19. Additionally, Bremmer alleges he suffered lost wages, pain, and suffering. *Id.* ¶¶ 20-21. WCI alleges it has paid and will continue to pay worker's compensation benefits to Bremmer. *Id.* ¶ 22. The plaintiffs allege the defendants' negligence caused Bremmer's injuries. *Id.* ¶¶ 18-21. The defendants deny the plaintiffs' allegations and assert the affirmative defenses of comparative negligence, contributory negligence, and assumption of the risk. See Filing No. 1-1 p. 8 Answer ¶¶ 3-4.

On March 8, 2013, the defendants served their first set of discovery requests on WCI. See Filing No. 27 - Certificate of Service. On April 16, 2013, WCI served

responses to the defendants' discovery requests.  **See** Filing Nos. 48 - Ex. A(1) WCI's Answer to Interrogatories; Ex. A(2) WCI's Responses to Requests for Production.  The parties corresponded regarding the answers and responses during May 2013, and WCI supplemented its answers and responses on May 29, 2013.  **See** *id.* - Ex. A(3) May 14, 2013, Letter; Ex. A(4) WCI's Supplemental Answer to Interrogatories; Ex. A(5) WCI's Supplemental Responses to Requests for Production.  In June, the parties conferred about additional issues related to the supplemental discovery responses, but were unable to resolve the matter.  **See** *id.* - Ex. A(6) June 10, 2013, Letter; Ex. A(7) June 14, 2013, Email.  The defendants state WCI agreed to supplement certain discovery requests by June 21, 2013.  **See** Filing No. 47 - Brief p. 3.  WCI did serve supplemental discovery on June 24, 2013.  **See** Filing No. 43 - Certificate of Service.  The June 24, 2013, supplementation does not address the discovery at issue here.  **See** Filing No. 47 - Brief p. 3 n.1.  On July 1, 2013, the defendants notified WCI they would file a motion to compel, if the supplemental responses were not filed in accordance with the earlier agreement.  *Id.*

On July 26, 2013, the defendants filed the instant motion to compel.  **See** Filing No. 46.  The defendants seek an order compelling WCI to supplement its responses to Interrogatory Nos. 15 and 17, and Request for Production Nos. 10, 31, and 32.  *Id.*  Additionally, the defendants seek an order shifting the costs associated with obtaining the discovery due to the plaintiffs' delay and failure to abide by their supplementation agreement.  *Id.*

The plaintiffs state they have encountered delay in obtaining records because WCI is a national agency who purchased the entity who had initially contracted with Appleton.  **See** Filing No. 52 - Response p. 1.  In any event, the plaintiffs state they have now received and produced all relevant discovery sought by the defendants, rendering the motion moot.  *Id.* at 2; **see also** Filing No. 49 - WCI's July 31, 2013, Supplemental Answers to Interrogatories; Filing No. 50 - WCI's July 31, 2013, Supplemental Responses to Requests for Production; Filing No. 51 - Certificate of Service.  In addition, the plaintiffs argue the court should not shift the cost of the motion to compel to the plaintiffs for two reasons.  **See** Filing No. 52 - Response p. 2-3.  First, the plaintiffs' delay was shorter than the defendants' previous delay in producing

discovery. *Id.* Second, the plaintiffs contend they fully responded to discovery requests, which were poorly worded and overly broad. *Id.* at 3. The plaintiffs state that as a professional courtesy they answered the original questions actually asked, then also the questions the defendants meant to ask. *Id.* The plaintiffs argue the defendants' motion was premature given the plaintiffs' assurances the discovery was forthcoming, in a time period far shorter than that taken for the defendants' production, and the motion became moot prior to the plaintiffs' response deadline. *Id.* at 6. For these reasons, the plaintiffs seek an award of their costs associated with responding to the motion to compel. *Id.*

The defendants acknowledge that the motion to compel is overwhelmingly mooted by the plaintiffs' July 31, 2013, production. **See** Filing No. 55 - Reply p. 1-2. The defendants persist in seeking additional discovery with regard to Request for Production No. 31 and an immediate verification by an individual from WCI that the interrogatory responses are complete and truthful. *Id.* at 2-3.

Request for Production No. 31 seeks: "Any and all documents referencing, explaining, relating to or setting forth WCI's policies, guidelines and/or procedures for the [sic] handling reports of injuries by WCI employees." **See** Filing No. 48 - Ex. A(5) p. 7. The plaintiffs did not object to the request, but stated, "This information is being gathered and to the extent it exists this response will be supplemented appropriately." *Id.* The plaintiffs supplemented the response with documents on July 31, 2013, and stated, "See attached Employee Handbook Page 1, 66, and 69." **See** Filing No. 50. The defendants argue the response remains insufficient because the handbook pages are themselves incomplete, suggesting more relevant information is contained on proceeding and succeeding pages, and the handbook references a separate Health and Safety Plan document, which was not produced. **See** Filing No. 55 - Reply p. 2.

Additionally, the defendants state WCI failed to sign its supplemental interrogatories as required by Fed. R. Civ. P. 33(b), which provides "[t]he person who makes the answer must sign them . . . ." *Id.* at 3. The defendants did not raise this argument in the initial motion to compel but found it "noteworthy that Plaintiffs' original Answers to Interrogatories also lacked WCI's signature, and was not remedied until two

months after the original answers were served, and only after multiple requests by Defendants['] counsel." *Id.*

## ANALYSIS

The issues raised by the defendants in their motion to compel have been resolved. The arguments raised by the defendants in their reply were not contained in their original motion such that WCI could address and rectify them. The court is confident the parties will be able to address and immediately resolve the new issues when they confer as required by Fed. R. Civ. P. 37(a) and NECivR 7.1(i).

The plaintiffs' failure to provide timely discovery required the defendants to file a motion to compel. The plaintiffs agreed to provide certain discovery before a specific date but failed to comply with their own agreement. The plaintiffs never sought an extension of time from the court or counsel despite clear court rules. **See** Fed. R. Civ. P. 29, 33(b)(2), 34(b)(2)(A); NECivR 29.1. The plaintiffs have now provided the bulk of the requested discovery. The plaintiffs have provided a consistent and reasonable explanation for the delay. Specifically, the defendants' broad and ambiguous requests caused some delay while the circumstances of the plaintiffs' search caused additional delay. This is not a case where the plaintiff hid discovery behind baseless objections, then conceded the discovery after the defendants filed a motion to compel. Rather, the plaintiffs consistently sought additional time to clarify the discovery sought and then locate such discovery. In any event, the defendants have retracted some of the discovery sought in light of the plaintiffs' production and arguments. Accordingly, the court finds shifting the costs of the motion or of the response, pursuant to Fed. R. Civ. P. 37(a), is not warranted in this case.

**IT IS ORDERED**:

The defendants' Motion to Compel (Filing No. 46) is denied.

Dated this 21st day of August, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge
