# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

**WASTE CONNECTIONS, INC.,**

        Plaintiff,

vs.

**APPLETON ELECTRIC, LLC and EMERSON ELECTRIC, LLC,**

        Defendants.

8:12CV436

ORDER

This matter is before the court on the defendants' Motion to Compel (Filing No. 79). The defendants filed a brief (Filing No. 80) and an index of evidence (Filing No. 81) in support of the motion. The plaintiff filed a reply (Filing No. 84), a brief (Filing No. 85), and index of evidence (Filing No. 86) in opposition.

## BACKGROUND

The plaintiff's action arises from an injury Rick Bremmer (Bremmer)[1] sustained on the defendant Appleton Electric, LLC's (Appleton) premises. **See** Filing No. 1-1 p. 1-2 - Complaint. On May 25, 2011, Bremmer was on Appleton's premises to deliver an order for Waste Connections, Inc. (WCI) when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep. *Id.* ¶¶ 9-13. Bremmer alleged he sustained a torn rotator cuff and herniated disc, underwent medical care for his injuries, and incurred medical expenses which will continue into the future. *Id.* ¶¶ 18-19. Additionally, Bremmer alleged he suffered lost wages, pain, and suffering. *Id.* ¶¶ 20-21. The plaintiff alleges it has paid and will continue to pay worker's compensation benefits to Bremmer. *Id.* ¶ 22. The plaintiff alleges the defendants' negligence caused Bremmer's injuries. *Id.* ¶¶ 18-21. The defendants deny the plaintiff's allegations and assert the affirmative defenses of comparative negligence, contributory negligence, and assumption of the risk. **See** Filing No. 1-1 p. 8 - Answer ¶¶ 3-4.

---

[1] The court granted Bremmer leave to voluntarily dismiss his action against the defendants. **See** Filing No. 73 - Order. However, Bremmer is currently seeking to intervene, which the court will resolve in due course. **See** Filing No. 82 - Motion to Intervene.

On January 14, 2014, the defendants issued a notice of deposition under Fed. R. Civ. P. 30(b)(6) to plaintiff's counsel. **See** Filing No. 81-2 Ex. 1 - Notice. The defendants identified thirty topics for discussion. **See** *id.* Defense counsel did not receive any objections to the topics identified in the notice. **See** Filing No. 81-1 Newman Aff. ¶ 4. The plaintiff designated Ty Bowman (Mr. Bowman) as its corporate representative. **See** Filing No. 80 - Brief p. 2. Mr. Bowman's deposition was held on January 27, 2014, in Fremont, Nebraska. *Id.* During the deposition, Mr. Bowman indicated he prepared for the deposition by reading the notice and he was only prepared to testify about seven of the thirty identified topics. *Id.* (**citing** Filing No. 81-3 Ex. 2 - Bowman Depo. p. 5:14-23, 6:7-15:6, 15:13-16:3). At the end of the deposition, defendants' counsel asked plaintiff's counsel whether the plaintiff would designate another representative to discuss the remaining twenty-three topics. *Id.* (**citing** Filing No. 81-3 Ex. 2 - Bowman Depo. p. 83:11-18). Plaintiff's counsel responded "I'll take a look at that. Like I said, or as he testified, the person who was there before him is no longer with the company. So that would be a sticking point, but we'll see what we can do." *Id.* On January 28, 2014, the defendants requested the plaintiff to designate a corporate representative to provide testimony on the remaining twenty-three topics. **See** Filing No. 81-4 Ex. 3 - January 28, 2014, Letter. The defendants did not receive a response. **See** Filing No. 81-1 Newman Aff. ¶ 7. On February 10, 2014, the parties discussed this matter during a telephone call and defendants' counsel stated the defendants would file a motion to compel if the plaintiff did not designate another corporate representative. *Id.* ¶ 8. As of the date of the instant motion, the defendants have not received an additional designation from the plaintiff. **See** Filing No. 80 - Brief p. 3.

The defendants argue the plaintiff failed to properly designate a corporate representative to testify to the vast majority of the identified topics. *Id.* at 4. The defendants contend the plaintiff effectively failed to appear for a properly noticed deposition due to Mr. Bowman's lack of knowledge about the topics. *Id.* The defendants also assert the plaintiff failed to satisfy its obligation to prepare a designated representative prior to a deposition. *Id.* at 4-6. The defendants contend although Mr. Bowman indicated he was knowledgeable about seven topics, Mr. Bowman only

provided cursory answers.  *Id.*  For example, Mr. Bowman testified the plaintiff sought "workers' comp expenses" but could not provide additional detail beyond that general statement.  *Id.* (**citing** Filing No. 81-3 Ex. 2 - Bowman Depo. p. 40:6-18).  The defendants seek the costs and fees associated with filing this motion and for an additional deposition.  *Id.* at 6.

The plaintiff argues Mr. Bowman was able to testify to questions within his scope as corporate representative.  **See** Filing No. 85 - Response p. 1-3.  The plaintiff contends the "wish list" of topics identified for discussion with Mr. Bowman were addressed when the defendants deposed the plaintiff's employees Al Sawtelle and Ryon Palmer or will be addressed during Bremmer's deposition.  *Id.*  The plaintiff argues Mr. Bowman was only incidentally familiar with Bremmer because the plaintiff's company was sold between Bremmer's injury and Mr. Bowman's deposition.  *Id.*  The plaintiff represents at no point has any employee for the plaintiff refused to be available for the defendants' depositions.  *Id.* at 2.  The plaintiff notes the defendants have not made a corporate representative available for deposition.  *Id.* at 2-4.  Lastly, the plaintiff argues the purpose of the defendants' extensive "wish list" and this motion is to increase litigation costs.  *Id.* at 3-4.  For this reason, the plaintiff requests costs for having to respond to this motion.  *Id.*

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)).  Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978).  The "broad scope of discovery applies to depositions[.]"  ***Pucket v. Hot Springs Sch. Dist. No. 23-2***, 239 F.R.D. 572, 579 (D.S.D. 2006); **see also** ***Credit Lyonnais, S.A. v. SGC***

3

***Int'l, Inc.***, 160 F.3d 428, 430 (8th Cir. 1998) ("The rules for depositions and discovery 'are to be accorded a broad and liberal treatment.'") (**citing *Hickman v. Taylor***, 329 U.S. 495, 507 (1947)).

Federal Rule of Civil Procedure 30(b)(6) "Notice or Subpoena Directed to an Organization" provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information **known or reasonably available to the organization**.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The testimony of a Rule 30(b)(6) witness represents the collective knowledge of the corporation, not of the specific individual deponents." ***QBE Ins. Corp. v. Jorda Enter., Inc.***, 277 F.R.D. 676, 688 (S.D. Fla. 2012). "The duty to prepare a Rule 30(b)(6) witness goes beyond matters personally known to the designee or to matters in which the designated witness was personally involved." ***QBE Ins.***, 277 F.R.D. at 689. "If the rule is to promote effective discovery regarding corporations the spokesperson must be informed." ***Protective Nat'l. Ins. Co. of Omaha v. Commonwealth Ins. Co.***, 137 F.R.D. 267, 278 (D. Neb. 1989). "[[T]he corporation] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters." ***Dravo Corp. v. Liberty Mut. Ins. Co.***, 164 F.R.D. 70, 75 (D. Neb. 1995) (citations omitted).

The defendants properly served the plaintiff with a Rule 30(b)(6) deposition notice describing the matters for examination with reasonable particularity. **See** Filing No. 81-2 Ex. 1 - Notice. The plaintiff did not object to the deposition notice outlining thirty subjects of examination. **See** Filing No. 81-1 Newman Aff. ¶ 4. Nevertheless, unbeknownst to the defendants, the defendants arrived at a deposition where the corporate representative was only somewhat familiar about seven of the thirty identified

4

topics.  **See** Filing No. 81-3 Ex. 2 - Bowman Depo. p. 5:14-23, 6:7-15:6.  Mr. Bowman was unable to provide complete and knowledgeable answers to the matters of examination described in the Rule 30(b)(6) deposition notice.

After reviewing the transcript of Mr. Bowman's deposition, the court finds the plaintiff failed to satisfy its obligation to make a good faith effort to designate a knowledgeable witness to testify about the noticed deposition topics.  The plaintiff designated an individual who had limited knowledge of the matters set forth in the deposition notice and completely failed to prepare Mr. Bowman so that he may provide knowledgeable and binding answers on behalf of the plaintiff.  **See** *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.") (citation omitted).  Mr. Bowman even admitted he had not prepared for the deposition other than reading the deposition notice.  **See** Filing No. 81-3 Ex. 2 - Bowman Depo. p. 15:13-16:12.  Furthermore, Mr. Bowman's testimony on the seven topics demonstrated a lack of knowledge and preparation for the deposition.  **See, e.g.**, Filing No. 81-3 Ex. 2 - Bowman Depo. p. 40:19-24 ("So is it fair to say as you sit here today as a representative of Waste Connections you know that Waste Connections is seeking to recover expenses in this lawsuit, but you don't know how much those expenses are; correct?  A. Exactly, no, I do not.").

The plaintiff's objections to the scope of the matters for examination should have been made prior to Mr. Bowman's deposition.  Additionally, the plaintiff should have, as obligated under the rules, filed objections with the court or requested a protective order if the parties were unable to reach a resolution.  If the plaintiff had objected, the parties could have avoided a potentially unnecessary deposition and this motion; however, the plaintiff chose to wait to reveal its objections until after the defendants filed a motion to compel.  The plaintiff does not provide an adequate explanation for failing to designate a representative who was prepared and knowledgeable.  The fact the plaintiff was sold between the time of the injury and Mr. Bowman's deposition or may no longer employ a person with personal knowledge of Mr. Bremmer's injuries does not relieve the plaintiff of its duty to prepare a knowledgeable Rule 30(b)(6) witness.  Therefore, the court finds

the defendants' motion has merit and the plaintiff shall designate a knowledgeable and prepared corporate representative to offer testimony concerning the matters for examination.

Because the court finds the defendants' motion should be granted, an award of expenses and attorney's fees is required under Fed. R. Civ. P. 37. **See** Fed. R. Civ. P. 37(a)(5)(A). Generally, the court would require additional briefing, however, the parties used the briefing of this motion to address the appropriateness of sanctions, thus additional briefing is unnecessary. The defendants seek reasonable expenses and attorney's fees incurred for filing the instant motion and costs and fees associated with an additional deposition. **See** Filing No. 79 - Motion, Filing No. 80 - Brief.

Federal Rule of Civil Procedure 37(a)(5)(A) provides:
> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed-- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

As explained above, the plaintiff failed to designate a prepared and knowledgeable corporate representative for a properly noticed 30(b)(6) deposition. The plaintiff's assertion this motion is frivolous and designed to harass the plaintiff and increase expenses is unfounded. The plaintiff had ample opportunity to address its objections with the defendants prior to both the deposition and the filing of this motion. Therefore, the court finds an award of reasonable expenses and attorney's fees incurred by the defendants is an appropriate sanction in this instance. The plaintiff shall pay the attorney's fees the defendants incurred in filing this motion. Moreover, the

plaintiff shall pay the costs and fees associated with an additional deposition of a designated corporate representative.

**IT IS ORDERED**:

1. The defendants' Motion to Compel (Filing No. 79) is granted.

2. The plaintiff shall designate a knowledgeable and prepared corporate representative to offer testimony concerning the matters for examination at the defendants' convenience and bear the costs and fees associated with the additional deposition. The defendants are also awarded reasonable costs and attorney's fees incurred in filing the motion to compel.

3. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before April 11, 2014**, a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the defendants may file **on or before April 14, 2014**, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to Civil Rules of the United States District Court for the District of Nebraska 54.3 and 54.4. The plaintiff shall have until **on or before April 18, 2014**, to respond to the defendants' application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

Dated this 27th day of March, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge