# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WASTE CONNECTIONS, INC.,** | |
| Plaintiff, | 8:12CV436 |
| vs. | |
| **APPLETON ELECTRIC, LLC and EMERSON ELECTRIC, LLC,** | ORDER |
| Defendants. | |

This matter is before the court on four motions. The first motion is Rick Bremmer's (Bremmer)[1] Motion to Intervene; Waive or Delay Order on Costs and Fees Prior to Refiling; and Extend Case Progression Deadlines (Filing No. 82). The defendants filed a brief (Filing No. 94) and index of evidence (Filing No. 95) in opposition. Bremmer filed a brief (Filing No. 107) in reply. The second motion is the defendants' Motion to Strike (Filing No. 89). The defendants filed a brief (Filing No. 90) and index of evidence (Filing No. 91) in support of the motion seeking to strike the plaintiff's designation of expert witnesses as untimely. The plaintiff filed a brief (Filing No. 96) in opposition. The defendants filed a brief (Filing No. 109) and index of evidence (Filing No. 110) in reply. The third motion is the plaintiff's Motion to Continue and Extend Deadlines (Filing No. 97). The plaintiff filed a brief (Filing No. 98) and index of evidence (Filing No. 99) in support of the motion. The defendants filed a brief (Filing No. 109) and index of evidence (Filing No. 110) in opposition. The plaintiff filled a brief (Filing No. 111) in reply. The fourth motion is the plaintiff's Motion to Compel (Filing No. 102). The plaintiff filed a brief (Filing No. 103) and index of evidence (Filing No. 104) in support of the motion. The defendants filed a brief (Filing No. 112) and index of evidence (Filing No. 113) in opposition.[2]

---

[1] As explained below, the court previously granted Bremmer leave to voluntarily dismiss his claims without prejudice.

[2] The plaintiff's Motion to Strike (Filing No. 114) and the defendants' Application for Fees (Filing No. 117) will be addressed in separate orders.

## FACTUAL BACKGROUND

The plaintiff's action arises from an injury Bremmer sustained on the defendant Appleton Electric, LLC's (Appleton) premises. **See** Filing No. 1 Ex. 1 - Complaint. On May 25, 2011, Bremmer was on Appleton's premises to deliver an order for Waste Connections, Inc. (WCI) when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep. *Id.* ¶¶ 9-13. Bremmer alleges he sustained a torn rotator cuff and herniated disc. *Id.* ¶¶ 18-19. According to Bremmer's treating physician for Bremmer's back injury, Bremmer reached maximum medical improvement for his work related injury on September 27, 2012. **See** Filing No. 110-2 Ex. 2 - December 31, 2012, Letter. According the physician treating Bremmer's shoulder injury, Bremmer reached maximum medical improvement for his rotator cuff on July 3, 2013. **See** *id.* - July 3, 2013, Progress Note.

## PROCEDURAL BACKGROUND

On September 18, 2012, Bremmer and WCI filed the Complaint in the District Court of Platte County, Nebraska, seeking recovery for Bremmer's alleged injuries and WCI's payment of workers compensation benefits to Bremmer. **See** Filing No. 1 Ex. 1 - Complaint. Generally, the plaintiffs alleged the defendants' negligence caused Bremmer's injuries. *Id.* ¶¶ 18-21. The defendants deny the plaintiff's allegations and assert the affirmative defenses of comparative negligence, contributory negligence, and assumption of the risk. **See** Filing No. 1-1 p. 8 - Answer ¶¶ 3-4. On December 20, 2012, the defendants removed this action from the District Court of Platte County, Nebraska, to the United States District Court for the District of Nebraska. **See** Filing No. 1 - Notice of Removal. On January 4, 2013, attorney Christopher A. Sievers (Mr. Sievers) entered his appearance for Bremmer and WCI. **See** Filing No. 12 - Appearance of Counsel. On January 17, 2013, the parties filed their Rule 26(f) Report. **See** Filing No. 18 - Report. The parties' Rule 26(f) Report listed the elements of the plaintiffs' negligence claim and stated the defendants disputed all elements of the plaintiffs' claims, including the third element, causation. **See** *id.* Thereafter, the parties, including Bremmer, engaged in discovery. **See, e.g.,** Filing Nos. 23, 28-30, 37, and 44.

On May 29, 2013, Mr. Sievers provided a letter to the court, indicating Bremmer underwent rotator cuff surgery on January 7, 2013, and was not expected to reach maximum medical improvement until August 2013. **See** Filing No. 36 - May 29, 2013, Letter. On May 30, 2013, the parties moved to reschedule a June 7, 2013, planning conference to September 5, 2013, to allow Bremmer time to reach maximum medical improvement. **See** Filing No. 40 - Joint Motion. The court granted the joint motion and rescheduled the planning conference for September 5, 2013. **See** Filing No. 41 - Text Order.

On August 27, 2013, the plaintiffs filed a Memorandum to Court on Mediation and Motion to Continue Expert Report Deadline. **See** Filing No. 58. The plaintiffs represented Bremmer's "treating doctor [ ] recently opined Mr. Bremmer [ ] reached maximum medical improvement for his shoulder" and the plaintiffs were waiting on Bremmer's final impairment rating and work restrictions. **See** *id.* For this reason, the plaintiffs requested a continuance of the expert disclosures deadline. **See** *id.* On September 6, 2013, the court entered an Order Setting Final Schedule for Progression of Case. **See** Filing No. 60. The order gave the plaintiffs until November 4, 2013, to disclose expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2), the defendants until December 23, 2013, and the plaintiff until January 13, 2014, for rebuttal experts. **See** *id.*

On September 26, 2013, the defendants filed a notice to take Bremmer's deposition, which date was agreed upon between counsel for the parties. **See** Filing No. 62 - First Notice; Filing No. 95-1 Ex. 1 - Newman Aff. ¶ 6. On October 15, 2013, Mr. Sievers informed defense counsel by fax: "Rick Bremmer will not be available to attend the deposition set for October 23, 2013, at 10:00 a.m." **See** Filing No. 108-3 - Newman October 21, 2013, Fax. Defense counsel responded stating the defendants would not withdraw the notice for deposition and expected Bremmer to attend. **See** *id.* Bremmer did not appear for the scheduled deposition. **See** Filing No. 95-4 Ex. 4 - First Depo. Transcript (TR.). The defendants served notice for another deposition of Bremmer on November 11, 2013. **See** Filing No. 67 - Second Notice. Bremmer did not appear for the second deposition. **See** Filing No. 95-5 Ex. 5 - Second Depo. TR.

On November 26, 2013, Bremmer moved to voluntarily dismiss his claims without prejudice because "Bremmer no longer wishe[d] to pursue his claim for loss of earning capacity and future medical in conjunction with [WCI]."  **See** Filing No. 68.  On December 20, 2013, the court granted Bremmer's motion with the condition that before he refile his claims against the defendants, he pay the defendants' attorneys' fees and costs in defending the action against Bremmer.  **See** Filing No. 73 - Order.

Following Bremmer's dismissal, the court entered an Amended Order Setting Final Schedule for Progression of Case on December 20, 2013.  **See** Filing No. 74.  The parties had until March 28, 2014, to complete depositions.  **See** *id.*  Additionally, the defendants were given until February 21, 2014, to disclose their expert witness reports and the plaintiff, now only WCI, was given until March 13, 2014, to disclose rebuttal experts.  **See** *id.*  The court set the final pretrial conference for April 24, 2014, and jury trial for May 12, 2014.  **See** *id.*

In early January 2014, Bremmer's new counsel notified defense counsel of Bremmer's intent to rejoin the lawsuit.  **See** Filing No. 108-1 Ex. 1 - Brown Aff. ¶ 3; 108-4 Ex. 4 - January Emails.  Defense counsel responded the defendants would seek fees and costs as allowed pursuant to the court's December 20, 2013, Order.  **See** Filing No. 108-4 Ex. 4 - January Emails.  At that time, Bremmer's counsel asked for an itemized list of fees and costs.  *Id.*  On March 20, 2014, Bremmer's counsel again asked for an itemized list of fees and costs.  **See** Filing No. 108-5 Ex. 5 - March Emails.

On February 21, 2014, the defendants timely served their Rule 26(a)(2) disclosures.  **See** Filing No. 75 - Defendants' Certificate of Service; Filing No. 91-1 Ex. 1 - Newman Aff. ¶ 3.  The defendants identified two expert witnesses:  Alfred P. Bowles, II, M.D. (Dr. Bowles), a medical doctor and biomechanics expert, and Michael D. Downey (Mr. Downey), an occupations safety expert.  **See** Filing No. 91-2 Ex. 2 - Defendants' Rule 26(a)(2) Disclosures.  The defendants served all information required in Rule 26(a)(2)(B).  **See** *id.*  On February 28, 2014, the parties filed their proposed witness lists.  **See** Filing No. 76 and 77.

On March 13, 2014, the plaintiff served its Rule 26(a)(2) disclosures and identified for the first time three potential expert witnesses: Ted Stricklett (Mr. Stricklett), a vocational and loss of earnings expert, John Bonselle (Mr. Bonselle), a safety and

4

construction expert, and Dr. John Kuhnlein (Dr. Kuhnlein), an occupational medical doctor.  **See** Filing No. 83 - Plaintiffs' [sic] Rule 26(a)(2) Disclosures.  The plaintiff's disclosure included only the names and resumes for the potential expert witnesses.  **See** *id.*  The defendants have not received the plaintiff's potential expert witnesses' reports as required by Rule 26.  **See** Filing No. 91-1 Ex. 1 - Newman Aff. ¶ 4.

On March 18, 2014, and April 2, 2014, the plaintiff requested the defendants to designate a corporate representative.  **See** Filing No. 99-1 Exs. 1 and 2 - Mar. 18, 2014, and Apr. 2, 2014, Letters.  In response, the defendants emailed plaintiff's counsel and indicated the defendants could not designate a corporate representative because the plaintiff never provided a list of matters for examination.  **See** Filing No. 110-3 Ex. 3 - Mar. 20, 2014, Email; Filing No. 104-1 Ex. 3 - Apr. 3, 2014, Letter.

On March 11, 2014, Bremmer filed the motion to intervene.  **See** Filing No. 82. On March 20, 2014, and March 24, 2014, defense counsel informed Bremmer's counsel the defendants incurred attorney's fees and costs amounting to $11,294, later amended to $10,998.34.  **See** Filing No. 95-1 Ex. 1 - Newman Aff. ¶ 13; Filing No. 95-9 Ex. 9 - Itemized Expenses.

## ANALYSIS

**1.    Bremmer's Motion to Intervene**

Bremmer, who argues he was previously unrepresented, seeks to rejoin this case and extend all deadlines for 120 days.  **See** Filing No. 82 - Motion.  Bremmer argues filing a separate lawsuit would waste judicial resources, present issue preclusion problems, and potentially create different damages verdicts.  *Id.* at 2.  Bremmer's counsel represents he contacted defense counsel in January and March to determine the defendants' costs in defending Bremmer's claims but did not receive an itemization of the defendants' costs.  *Id.* at 2-3.  Therefore, Bremmer contends the court should either waive the costs or allow the costs to be paid at the resolution of this case.  *Id.* Additionally, Bremmer argues for an extension of 120 days to obtain causation opinions from experts, retain a vocational expert, and conduct additional discovery.  *Id.*

The defendants address Bremmer's motion in the context of a motion for relief under Rule 60 and argue Bremmer's motion should be denied because Bremmer has

failed to show exceptional circumstances justifying relief from the court's order. **See** Filing No. 94 - Response. The defendants argue Bremmer had a full and fair opportunity to litigate this matter but simply refused to appear for his deposition and, in lieu of facing sanctions, chose to dismiss his claims. *Id.* at 5-7. The defendants contend Bremmer's argument he was unrepresented is demonstrably false. *Id.* (noting Bremmer's discovery responses). The defendants argue releasing Bremmer from his obligations under the dismissal order and further delaying this trial would increase costs all parties, except Bremmer. *Id.* at 8. As part of the defendants' response, and in accordance with the dismissal order, the defendants attached an itemization of their costs, claiming they incurred $10,998.34 defending against Bremmer's claims. **See** Filing No. 95-9 Ex. 9 - Itemized Expenses.

In reply, Bremmer argues he attempted to obtain an itemization of expenses less than one month after the court dismissed Bremmer's claims. **See** Filing No. 107 - Reply. Bremmer argues because the defendants delayed in providing an itemization, it would be reasonable to find the defendants waived their right to costs or delay the imposition of payment of costs until the resolution of this matter. *Id.* Bremmer also contends the application for expenses is suspect and overreaching. *Id.* at 2. Bremmer argues the fact the amount of $10,998.34 does not match the previous number given, $11,294, demonstrates an appearance of impropriety. *Id.* Additionally, Bremmer asserts the court should not award costs associated with both failed depositions because the defendants knew in advance that Bremmer would not appear. *Id.*

Under Fed. R. Civ. P. 24, "[w]hether a person moves for "intervention of right" or for "permissive intervention," the motion must be timely. ***Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Acad.***, 643 F.3d 1088, 1093 (8th Cir. 2011) (**citing** Fed. R. Civ. P. 24). When evaluating timeliness, a court should consider, "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." ***Planned Parenthood of the Heartland v. Heineman***, 664 F.3d 716, 718 (8th Cir. 2011).

6

The relevant factors weigh against Bremmer's intervention. Bremmer had knowledge of the litigation and had nominally participated until his deposition. According to representations made to the court when Bremmer was a plaintiff in this action for at least a year, Mr. Sievers represented Bremmer. **See, e.g.,** Filing No. 12 - Appearance of Counsel. However, whether or not Mr. Sievers represented Bremmer is irrelevant. This case is in the advanced stages of litigation with the pretrial conference scheduled for April 24, 2014, and trial on May 12, 2014. **See** Filing No. 74. Bremmer's reintroduction into the matter would cause additional undue delay late into the litigation, unfairly prejudicing the other parties. The court previously granted extensions for Bremmer, but will not allow Bremmer to rejoin and garner additional extensions.

To the extent Bremmer's motion is a motion under Rule 60, reconsideration is appropriate where the movant shows entitlement to relief under at least one of the following conditions:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void,
> (5) the judgment has been satisfied . . .; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[R]elief under rule 60(b)(6) remains 'an extraordinary remedy' for 'exceptional circumstances.'" ***City of Duluth v. Fond du Lac Band of Lake Superior Chippewa***, 702 F.3d 1147, 1155 (8th Cir. 2013) (**citing *In re Zimmerman***, 869 F.2d 1126, 1128 (8th Cir. 1989) ("Such relief is to be granted only when exceptional circumstances prevented the moving party from seeking redress through the usual channels.")).

Bremmer has not shown relief is warranted under any section of Rule 60(b). The delay in obtaining the defendants' itemized costs does not constitute "exceptional circumstances." The defendants notified Bremmer's counsel of their intent to seek costs ***once*** Bremmer refiled his claim. **See** Filing No. 108-4 Ex. 4 - January Emails. Following such notice, Bremmer delayed his motion until March 11, 2014. Bremmer has offered no justification under Rule 60(b) warranting disregard of the court's

7

dismissal order requiring him to pay the defendants' costs upon refiling his claims. Because the court denies Bremmer's motion to rejoin this matter, the court need not address the reasonableness of the defendants' costs.

2.     **Defendants' Motion to Strike and Plaintiff's Motion to Continue and Extend Deadlines**

The defendants seek to strike the plaintiff's designation of expert witnesses for failure to comply with Federal Rule of Civil Procedure 26 and the Amended Order Setting Final Schedule for Progression of Case. **See** Filing No. 89 - Motion. The defendants argue the plaintiff failed to comply with Rule 26's clear requirements by failing to provide expert opinion reports. **See** Filing No. 90 - Brief. The defendants contend the plaintiff merely provided the experts' names and resumes. *Id.* The defendants also argue the plaintiff, by failing to disclose expert reports, have prejudiced the defendants' ability to properly prepare for depositions of the newly designated experts. *Id.* Lastly, the defendants assert the plaintiff's loss of earning expert, Mr. Stricklett, is not a proper rebuttal witness because neither of the defendants' witnesses opine about loss of earnings. *Id.*

The plaintiff argues Bremmer's continuing medical treatment and damages prevented the plaintiff from obtaining expert reports. **See** Filing No. 96 - Response. The plaintiff represents Bremmer only recently reached maximum medical improvement and now experts can be retained to provide a loss of earnings opinion. *Id.* The plaintiff represents Mr. Stricklett's report is expected to be prepared in the middle of April 2014. *Id.* The plaintiff also argues the defendants have indicated they will dispute the causal relation of Bremmer's medical treatment and therefore, the plaintiffs are required to obtain expert reports to show causation. *Id.* For these reasons and because Bremmer is seeking to rejoin this case, and the defendants have not identified a corporate representative, the plaintiff filed the Motion to Continue and Extend Deadlines. **See** Filing No. 97 - Motion; Filing No. 98 - Brief.

In reply to the plaintiff's response to the motion to strike, the defendants argue the plaintiff does not dispute the expert disclosures completely fail to comply with Rule 26 and the court's progression order. **See** Filing No. 109 - Reply and Response p. 1-9.

8

The defendants argue the plaintiff instead attempts to justify its failure on the erroneous basis Bremmer's medical condition prevented the plaintiff from complying with the rule and that the plaintiff was recently made aware the defendants contest causation. *Id.* The defendants assert the plaintiff's representation Bremmer recently obtained maximum medical improvement is a misrepresentation to the court because Bremmer reached maximum medical improvement for his shoulder by July 3, 2013, and for his spine by September 27, 2012. *Id.* The defendants also argue the plaintiff has been aware the defendants contest causation since the defendants filed their answer and the parties filed their Rule 26(f) report, thus there is no basis for the plaintiff to contend the defendants' dispute of causation justifies an extension of the deadlines. *Id.*

In response to the plaintiff's motion for an extension of deadlines, the defendants argue the plaintiff fails to show the requested extension is justified by good cause or excusable neglect. *Id.* at 9-11. The defendants reiterate the plaintiff has been aware the defendants contest causation and Bremmer achieved maximum medical improvement more than eight months ago. *Id.* The defendants argue the plaintiff should not be allowed to consume and waste anymore of the defendants' and the court's time and resources. *Id.*

In reply, the plaintiff argues the defendants would benefit from an extension as the defendants are in the process of setting depositions and the defendants have failed to articulate any prejudice suffered from an extension. **See** Filing No. 111 - Reply. The plaintiff argues "additional disputes on the workers' compensation claim have delayed the appointment of a vocational expert under Neb. Rev. State. [sic] 48-162.01 until recently." *Id.* The plaintiff also contends the defendants assertion the plaintiff had fair notice the defendants contested causation is disingenuous because the defendants' pleading was "simply a general denial to virtually every aspect." *Id.* The plaintiff argues the defendants are now asserting Bremmer's injuries result from a pre-existing condition and not due to Bremmer's fall. *Id.* The plaintiff asserts if a continuance is not granted the plaintiff will need to dismiss without prejudice and refile. *Id.*

Under Federal Rule of Civil Procedure 26(a)(2)(B),

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one

9

> retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>> (ii) the facts or data considered by the witness in forming them;
>> (iii) any exhibits that will be used to summarize or support them;
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Regardless of whether the plaintiff is entitled to a rebuttal expert on the topic of loss of earnings, the plaintiff failed to comply with Rule 26(a)(2) requirements. The plaintiff provided only the names and resumes for these proposed experts. The plaintiff has not established the disclosure was sufficient under Rule 26 or the court's progression order. In fact, the plaintiff indicates only one of the experts will have a report prepared by the middle of April 2014. Additionally, the plaintiff failed to explain how its failure to comply with Rule 26(a) is substantially justified or harmless. Accordingly, the experts are stricken due to a deficient disclosure.

Regarding the plaintiff's motion to extend deadlines, "[a] schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The plaintiff has not demonstrated good cause for an extension. The plaintiff fails to explain how the underlying workers compensation claim prevented the plaintiff from seeking an extension earlier or how it precluded the plaintiff from obtaining experts. Additionally, the plaintiff's assertion the extension is necessary because Bremmer only

recently achieved maximum medical improvement is unpersuasive. According to Bremmer's doctors, Bremmer reached maximum medical improvement for his shoulder by July 3, 2013, and for his spine by September 27, 2012. **See** Filing No. 110-2 Ex. 2 - December 31, 2012, Letter and July 3, 2013, Progress Note.

### 3. Plaintiff's Motion to Compel

The plaintiff seeks to compel the defendants to identify a corporate representative. **See** Filing No. 102 - Motion. The plaintiff states it has made two requests on the defendants to identify a corporate representative. **See** Filing No. 103 - Brief; Filing No. 104-1 Exs. 1-2. The plaintiff argues the defendants have refused to designate a representative. **See** Filing No. 104-1 Ex. 3 - Defendants' April 3, 2014, Letter. The plaintiff requests an award of fees for filing this motion. **See** Filing No. 103 - Brief.

The defendants argue the plaintiff failed to comply with the procedure set forth in Rule 30(b)(6) because the plaintiff did not provide a notice of deposition or a list of the matters to be discussed during a deposition. **See** Filing No. 112 - Brief. The defendants contend without a proper notice, the defendants cannot designate a corporate representative. *Id.* The defendants also argue they should be awarded costs for responding to this frivolous motion. *Id.*

Federal Rule of Civil Procedure 30(b)(6) "Notice or Subpoena Directed to an Organization" provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . **and must describe with reasonable particularity the matters for examination**. **The named organization must then designate** one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added).

The plaintiff failed to comply with the notice requirements of Rule 30(b)(6). Without a list of matters for examination, the defendants cannot designate the

11

appropriate corporate representative.  Accordingly, the plaintiff's motion is denied.  The court finds it is unnecessary to award the defendants costs associated with the plaintiff's motion.

**IT IS ORDERED**:

1. Bremmer's Motion to Intervene; Waive or Delay order on Costs and Fees Prior to Refiling; and Extend Case Progression Deadlines (Filing No. 82) is denied.

2. The defendants' Motion to Strike (Filing No. 89) is granted.

3. The plaintiff's Motion to Continue and Extend Deadlines (Filing No. 97) is denied.

4. The plaintiff's Motion to Compel (Filing No. 102) is denied.

Dated this 21st day of April, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge