IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**WASTE CONNECTIONS, INC.,**

        Plaintiff,

vs.

**APPLETON ELECTRIC, LLC and EMERSON ELECTRIC, LLC,**

        Defendants.

8:12CV436

ORDER

This matter is before the court on the defendants' Application for Fees (Filing No. 117). The defendants filed an index of evidence (Filing No. 188) in support of the application. In response, the plaintiff filed a brief (Filing No. 119), an index of evidence (Filing No. 120), and affidavit (Filing No. 121).

## BACKGROUND

The plaintiff's action arises from an injury Rick Bremmer (Bremmer) sustained on the defendant Appleton Electric, LLC's (Appleton) premises. **See** Filing No. 1-1 - Complaint. On May 25, 2011, Bremmer was on Appleton's premises to deliver an order for Waste Connections, Inc. when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep and allegedly sustained a torn rotator cuff and herniated disc. *Id.* ¶¶ 9-13, 18-19. Generally, the plaintiff alleges the defendants' negligence caused Bremmer's injuries. *Id.* ¶¶ 18-21. The defendants generally deny the plaintiff's allegations and assert several affirmative defenses. **See** Filing No. 1-1 - Answer ¶¶ 3-4.

On January 14, 2014, the defendants issued a notice of deposition under Fed. R. Civ. P. 30(b)(6) to plaintiff's counsel. **See** Filing No. 81-2 Ex. 1 - Notice. The defendants identified thirty topics for discussion. **See** *id.* Defense counsel did not receive any objections to the topics identified in the notice. **See** Filing No. 81-1 - Newman Aff. ¶ 4. The plaintiff designated Ty Bowman (Mr. Bowman) as its corporate representative. **See** Filing No. 80 - Brief p. 2. Mr. Bowman's deposition was held on January 27, 2014, in Fremont, Nebraska. *Id.* During the deposition, Mr. Bowman

indicated he prepared for the deposition by reading the notice and he was only prepared to testify about seven of the thirty identified topics.  *Id.* (**citing** Filing No. 81-3 Ex. 2 - Bowman Depo. p. 5:14-23, 6:7-15:6, 15:13-16:3).  At the end of the deposition, defense counsel asked plaintiff's counsel whether the plaintiff would designate another representative to discuss the remaining twenty-three topics.  *Id.* (**citing** Filing No. 81-3 Ex. 2 - Bowman Depo. p. 83:11-18).  Plaintiff's counsel responded "I'll take a look at that.  Like I said, or as he testified, the person who was there before him is no longer with the company.  So that would be a sticking point, but we'll see what we can do."  *Id.*  On January 28, 2014, the defendants requested the plaintiff designate a corporate representative to provide testimony on the remaining twenty-three topics.  **See** Filing No. 81-4 Ex. 3 - January 28, 2014, Letter.  The defendants did not receive a response or an additional designation from the plaintiff.  **See** Filing No. 81-1 Newman Aff. ¶ 7.

Subsequently, the defendants filed a motion to compel and for sanctions.  **See** Filing No. 79 - Motion.  The defendants filed a brief (Filing No. 80) and an index of evidence (Filing No. 81) in support of the motion.  The defendants argued the plaintiff failed to properly designate a corporate representative to testify to the vast majority of the identified topics.  **See** Filing No. 80 - Brief p. 4.  The plaintiff filed a reply (Filing No. 84), a brief (Filing No. 85), an index of evidence (Filing No. 86), and affidavit (Filing No. 87) in opposition to the motion to compel.  The plaintiff challenged the propriety of the defendants' list of identified topics and argued Mr. Bowman testified within his scope of knowledge.  **See** Filing No. 85 - Response p. 1-3.

On March 27, 2014, the court granted the defendants' motion to compel.  **See** Filing No. 93 - Order.  The court found the plaintiff failed to designate a prepared and knowledgeable corporate representative for a properly noticed 30(b)(6) deposition.  *Id.*  Additionally, the court found the plaintiff failed to submit its objections prior to the deposition, which could have avoided a potentially unnecessary deposition and the motion to compel.  *Id.*  As the parties addressed the subject of sanctions, the court found the record was complete and awarded the defendants reasonable costs and attorney's fees for filing the motion to compel and for the costs and fees associated with an additional Rule 30(b)(6) deposition.  *Id.*

The parties were unable to agree on an amount for the award despite defense counsel's attempts to reach an agreement. On April 10, 2014, defense counsel emailed plaintiff's counsel the request for costs and requested a time to discuss the costs during a telephone conference. *See* Filing No. 118-2 - Emails. Plaintiff's counsel responded counsel "would get [ ] fired on the spot" if such a bill were submitted to a client and generally challenged the reasonableness of the costs. *Id.* In reply, defense counsel asked for a telephone conference. *Id.* After receiving no response, defense counsel called plaintiff's counsel and left a voicemail and emailed plaintiff's counsel to discuss the issue of costs and fees. *Id.*; Filing No. 118-1 - Newman Decl. ¶ 10. Defense counsel did not receive a response. *See* Filing No. 118-1 - Newman Decl. ¶ 11.

On April 14, 2014, the defendants filed the instant application for an award of $3,523.70 in costs and fees for preparing and filing the motion to compel. *See* Filing No. 117 - Motion. The defendants provided an itemization of work counsel and counsel's paralegal performed in relation to filing the motion. *See* Filing No. 118-1 - Newman Decl. ¶ 3. David Newman, an attorney at Husch Blackwell, LLP, spent 12.1 hours preparing the motion to compel and associated documents, Brandan Mueller, a partner at Husch Blackwell, LLP, spent about one half-hour editing the motion to compel, and finally Marjorie Reilly (Ms. Reilly), a paralegal with twenty-five years of experience, spent 5.7 hours analyzing and summarizing the plaintiff's response. *Id.* The defendants contend these costs are reasonable and should be awarded. *See* Filing No. 117 - Motion. Lastly, the defendants seek leave to file an application for fees for the costs related to the second Rule 30(b)(6) deposition following its completion. *Id.*

The plaintiff argues the defendants never provided "a reasonable amount grounded more firmly in reality." *See* Filing No. 119 - Response. The plaintiff contends the amount of time and amount billed per hour are inflated, especially Ms. Reilly's five hours. *Id.* The plaintiff then argues the basis of the motion to compel stems from the actions of the defendants, rather than the plaintiff. *Id.*

## ANALYSIS

After review of the defense counsel's affidavit and billing records, the court finds the amount sought in the defendants' application is reasonable, with the exception of

3

the amount spent preparing a reply in support of the motion to compel because the defendants did not file a reply.  As noted above, the defendants were required to attend an ineffective Rule 30(b)(6) deposition and file the motion to compel.  The court determined the defendants' motion meritorious.

The plaintiff's opposition to the application for fees is unpersuasive.  First, the plaintiff repeats old arguments and attempts to blame the motion to compel on the defendants.  The court already dismissed these arguments.  **See** Filing No. 93 - Order.  Second, the plaintiff offers only the bare assertion the fees are unreasonable.  Lastly, plaintiff's counsel did not engage in any meaningful conference regarding the reasonableness of the fees despite defense counsel's attempts.  The defendants would not have incurred any of these expenses had the plaintiff fulfilled its obligations under Fed. R. Civ. P. 30(b)(6).  The court finds sanctions in the amount of $2,846.90, for time spent preparing the motion to compel is appropriate.  **See** Fed. R. Civ. P. 37(a)(5)(A); **see also** Fed. R. Civ. P. 11(c)(4).  This monetary sanction will be assessed against the plaintiff and his attorney, Christopher A. Sievers.  Accordingly, the defendants' application will be granted in the amount of $2,846.90.  Additionally, the defendants have until May 6, 2014, to file an application for fees for the second Rule 30(b)(6) deposition.  The court strongly encourages the parties to have a meaningful discussion regarding the fees before filing any application.  Upon consideration,

**IT IS ORDERED**:

1.	The defendants' Application for Fees (Filing No. 117) is granted.  The defendants are awarded reasonable costs and attorney's fees in the amount of $2,846.90, for having to file the motion to compel (Filing No. 79).

2.	The plaintiff and his attorney, Christopher A. Sievers, shall have forty-five days from the date of this Order to pay the defendants the sum of $2,846.90, and file verification of payment with the court.

3.	Counsel for the parties shall confer on a reasonable amount to be awarded for the costs and fees expended in conducting a second Rule 30(b)(6) deposition and, if there is agreement, shall file **on or before May 5, 2014**, a stipulation of the costs and fees to be awarded.  In the event the parties fail to reach an

agreement, the defendants may file **on or before May 6, 2014**, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to Civil Rules of the United States District Court for the District of Nebraska 54.3 and 54.4.  The plaintiff shall have until **on or before May 7, 2014**, to respond to the defendants' application.  Thereafter, the issue of costs and sanctions regarding the second Rule 30(b)(6) deposition will be deemed submitted and a written order entered.

Dated this 1st day of May, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge