**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **WASTE CONNECTIONS, INC.,** | |
| **Plaintiff,** | **8:12CV436** |
| **vs.** | |
| **APPLETON ELECTRIC, LLC and EMERSON ELECTRIC, LLC,** | **ORDER** |
| **Defendants.** | |

This matter is before the court on the on the parties' motions in limine.  The plaintiff filed a motion in limine (Filing No. 130) with a brief (Filing No. 131), index of evidence (Filing No. 132), and affidavit (Filing No. 133).  The defendants filed a brief (Filing No. 148) and index of evidence (Filing No. 149) in opposition.  The plaintiff filed a brief (Filing No. 161) in reply.  The defendants filed a motion in limine (Filing No. 134) with a brief (Filing No. 135) and index of evidence (Filing No. 136).  The plaintiff filed a "Resistance" (Filing 141), brief (Filing No. 142), and index of evidence (Filing No. 143) in opposition.[1]

**BACKGROUND**

The plaintiff's action arises from an injury Rick Bremmer (Bremmer) sustained on the defendant Appleton Electric, LLC's (Appleton) premises.  **See** Filing No. 1-1 - Complaint.  On May 25, 2011, Bremmer was on Appleton's premises to deliver an order for Waste Connections, Inc. when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep and allegedly sustained a torn rotator cuff and herniated disc.  **Id.** ¶¶ 9-13, 18-19.  Generally, the plaintiff alleges the defendants' negligence caused Bremmer's injuries.  **Id.** ¶¶ 18-21.  The defendants generally deny the plaintiff's allegations and assert several affirmative defenses.  **See** Filing No. 1-1 -

---

[1] The plaintiff's "Resistance" is in contradiction with the local rules.  The Civil Rules of the United States District Court for the District of Nebraska provide:  "The party opposing a motion must not file an "answer," "opposition," "objection," or "response," or any similarly titled responsive pleading.  Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority."  NECivR 7.1(b)(1)(A).

Answer ¶¶ 3-4.  On April 21, 2014, the parties filed motions in limine.  **See** Filing No. 130 - Plaintiff's Motion; Filing No. 134 - Defendants' Motion.  The basis of their motions is discussed below.

## ANALYSIS

### A.    Plaintiff's Motion in Limine

The plaintiff seeks to preclude the defendants from discussing or presenting evidence conflicting with the requests for admissions deemed admitted on April 1, 2014, and from discussing or introducing evidence of Bremmer's criminal history.  **See** Filing No. 130 - Plaintiff's Motion.

### 1.    Requests for Admissions

The plaintiff served the defendants, by U.S. mail, requests for admissions on March 3, 2014.  **See** Filing No. 132-1 - Requests for Admissions.  The defendants responded on April 7, 2014.  **See** Filing No. 132-2 - Response to Requests.  The defendants generally objected that the requests for admissions was untimely under the court's December 20, 2013, progression order and also denied the majority of the requests, notwithstanding the objection.  *Id.*  The plaintiff argues because the defendants did not respond within thirty days, the requests for admissions were deemed admitted.  **See** Filing No. 131 - Brief p. 2-3.  Additionally, the plaintiff argues the general denial without explanation makes the answers nonresponsive and therefore the requests for admissions should be admitted.  *Id.*

The defendants argue they timely served their responses under Fed. R. Civ. P. 5, 6, and 36.  **See** Filing No. 148 - Response p. 1-4.  The defendants contend adding three days, since the requests were mailed, to the response date would make the defendants' response due April 5, 2014, which fell on a Saturday thereby giving the defendants until April 7, 2014, to respond.  *Id.*  The defendants also argue the defendants' responses were sufficient and the plaintiff has never raised the issue of sufficiency.  *Id.*

Under Fed. R. Civ. P. 36, a party has thirty days after being served with a request for admission to respond to the request.  **See** Fed. R. Civ. P. 36(a)(3).  If the response is not received within thirty days, the request for admission is deemed

admitted.  *Id.*  Rule 6 provides the proper method for "computing any time period specified" in the Federal Rules of Civil Procedure.  **See** Fed. R. Civ. P. 6(a).  Specifically, Rule 6(d) provides that "3 days are added after the period would otherwise expire under Rule 6(a)."  **See** Fed. R. Civ. P. 6(d).  Additionally, Rule 6(a)(1)(C) provides that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  **See** Fed. R. Civ. P. 6(a)(1)(C).

The plaintiff served its requests by U.S. Mail on March 3, 2014.  Thirty days from March 3, 2014, was April 2, 2014.  Since the requests were served by U.S. Mail, the additional three days allowed by Rule 6(d) is added to determine the deadline to respond.  Three days added to April 2, 2014, is Saturday, April 5, 2014.  Due to the weekend deadline, the actual deadline for the defendants to serve their response was Monday, April 7, 2014.  The defendants timely served their response on April 7, 2014.  The sufficiency of the defendants' response should have been addressed by the plaintiff in a timely and properly supported Rule 36(a)(6) motion.  Accordingly, the requests for admissions will not be deemed admitted and the plaintiff's motion in limine on this ground is denied.

### 2.    Bremmer's criminal record

The plaintiff argues as part of the defendants' exhibit list, the defendants included a number of references to Bremmer's criminal cases.  **See** Filing No. 131 - Brief p. 3-5 (**citing** Exs. 112-125).  The plaintiff contends the exhibits are inadmissible because the exhibits have never been disclosed to the plaintiff.  *Id.*  Additionally, the plaintiff argues Bremmer's criminal history is inadmissible under Fed. R. Evid. 403, 404, and 609.  *Id.*  Lastly, the plaintiff argues Bremmer's criminal history is completely unrelated to a civil negligence action and Bremmer is no longer a plaintiff in this action.  *Id.*

The defendants assert due to the inconsistent descriptions of the fall at issue, Bremmer's credibility is critical to this case; therefore, the defendants should be permitted to use Bremmer's prior convictions to impeach Bremmer's credibility.  **See** Filing No. 148 - Response p. 4-8.  The defendants argue Bremmer denied the existence of his convictions in written discovery for this case, which make his prior convictions

even more probative.  *Id.* (*citing* Filing No. 149-5 Ex. 5 - Bremmer's Answer to Interrogatory No. 3).

Federal Rule of Evidence 609(b) provides,

> **(b) Limit on Using the Evidence After 10 Years.**  This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.  Evidence of the conviction is admissible only if:
>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).  "[C]onfinement for purposes of the ten-year time limit in Rule 609(b) does not include periods of probation.  Rather, Rule 609(b)'s [ten-year] clock starts at the witness's release from any *physical* confinement, or in the absence of confinement, the date of the conviction."  *United States v. Stoltz*, 683 F.3d 934, 939 (8th Cir. 2012) (internal citations omitted) (second and third alternations in original) (emphasis in original).  "[S]tale convictions should be admitted very rarely and only in exceptional circumstances."  *Stoltz*, 683 F.3d at 940 (internal citation omitted).

These convictions are stale.  Bremmer was convicted in 1985 and 2000 with a release date in 2003.  **See** Filing No. 149-3 Ex. 3 - Florida Conviction; Filing No. 149-4 Ex. 4 - Nebraska Conviction.  Further, Bremmer's underlying crimes do not bear on his truthfulness, thus the probative value of Bremmer's convictions do not substantially outweigh the prejudicial effect.  Accordingly, the defendants are precluded from offering evidence of Bremmer's prior convictions.  The plaintiff's motion in limine on this ground is granted.

### B.    Defendants' Motion in Limine

The defendants seek to exclude evidence on seven issues.  **See** Filing No. 134 - Defendants' Motion.

### 1.      Appleton's location

The defendants seek to exclude any evidence Appleton transferred its operations to Mexico.  **See** Filing No. 135 - Brief p. 2-3.  The defendants argue Appleton's new location is irrelevant and allowing the plaintiff to present such evidence would result in an unfair prejudice as it would invite the jurors to punish the defendants for moving to another country and eliminating domestic jobs.  *Id.*  The plaintiff argues evidence of Appleton's transfer is relevant to the question of negligence.  **See** Filing No. 142 - Response p. 1.

Under Fed. R. Evid. 401, "Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The plaintiff's negligence claim requires it to prove the defendants owed a duty to Bremmer, the defendants breached that duty, and Bremmer sustained damages that were proximately caused by the defendants' breach.  While closing Appleton's facility may be relevant for purposes of providing context and explaining why a pit existed, the fact Appleton moved the facility's operations to Mexico is irrelevant.  Therefore, the plaintiff is precluded from offering evidence Appleton transferred its operation to Mexico.  This limitation does not prevent the plaintiff from providing evidence Appleton was in the process of transferring its operations.

### 2.      Testimony of Messrs. Sawtelle and Palmer

The defendants seek to preclude the plaintiff from presenting any evidence, testimony, or argument relating to alleged statements from an anonymous individual at the defendants' premises regarding marking or barricading the pit or locking the door leading into the room in which the pit was located.  **See** Filing No. 135 - Brief p. 3-5. The defendants contend the plaintiff may try to introduce evidence suggesting someone at the defendants' facility told the plaintiff's employees, Al Sawtelle and Ryon Palmer, the pit should have been marked or barricaded, and the door should have been locked. *Id.*  The defendants argue such evidence is inadmissible hearsay.  *Id.*  The defendants further argue Fed. R. Evid. 801(d)(2) does not apply because the plaintiff cannot lay the requisite foundation for admission.  *Id.*  The defendants contend Messrs. Sawtelle and

Palmer do not know who made the statement at the Appleton premises and therefore it is impossible to determine the scope of the alleged declarant's responsibilities and whether it included decisions on barricades or the locking of doors. *Id.* The plaintiff argues the evidence is admissible under Fed. R. Evid. 801(d)(2)(D) as there is no question the statement complies with the admission of a party opponent and knowledge of the Appleton's employee's name is irrelevant. **See** Filing No. 142 - Response p. 2-3.

Under Fed. R. Evid. 801(d)(2)(D), a statement "made by the [opposing] party's agent or employee on a matter within the scope of that relationship and while it existed[,]" if offered against the opposing party, is not hearsay. Fed. R. Evid. 801(d)(2)(D). "The statement must be considered but does not by itself establish . . . the existence or scope of the relationship under (D)[.]" Fed. R. Evid. 801(d)(2).

The uncertainty about the declarant's identity casts doubt on the statement's accuracy. Rule 801(d)(2)(D) does not permit a proffering party to rest on the bare assertion an agent or employee made the statement. Instead, "[t]his rule requires the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment." *Gulbranson v. Duluth Missabe & Iron Range Ry. Co.*, 921 F.2d 139, 142 (8th Cir. 1990) (citations omitted). If the plaintiff can lay proper foundation the declarant's statement was within the scope of the declarant's employment relationship, the statement may be admitted. Therefore, the motion on this basis is denied without prejudice to reassertion at trial.

### 3.   Marking the pit and locking the door

The defendants seek to prohibit the plaintiff from presenting any evidence of whether the pit should have been marked or the door locked because the plaintiff has not disclosed any experts on the subjects. **See** Filing No. 135 - Brief p. 5-6. The defendants contend in light of the court's Order[2] granting the defendant's Motion to Strike, the plaintiff cannot offer expert testimony on the subject of occupational safety and or industry standards pertaining to safety measures. *Id.* The plaintiff argues whether the defendants took proper protective steps regarding the pit is a question of

---

[2] The court granted the defendants' Motion to Strike the plaintiff's designation of expert witnesses for failure to comply with Fed. R. Civ. P. 26 and the Amended Order Setting Final Schedule for Progression of Case. **See** Filing No. 129 - Order.

fact for the jury and does not require expert testimony.  **See** Filing No. 142 - Response p. 3-4.

 Whether an area was marked or should have been marked and whether the defendants breached their duty of care is a matter a jury is capable of understanding and deciding without expert testimony.  The defendants' motion on this basis is denied.

### 4.    Defendants' net worth

The defendants seek to preclude presentation of evidence of the defendants' net worth because it is irrelevant.  **See** Filing No. 135 - Brief p. 6-7.  The plaintiff has no objection.  **See** Filing No. 142- Response p. 4.  Accordingly, the defendants' motion on this basis is granted and evidence of the defendants' net worth is excluded.

### 5.    Treating physicians

The defendants seek to preclude Bremmer's physicians from offering any opinion on whether Bremmer's fall caused Bremmer's injury because such opinions would be improper opinion testimony.  **See** Filing No. 135 - Brief p. 7-8.  The defendants argue the plaintiff did not disclose Bremmer's physicians as expert witnesses or disclose a report under Fed. R. Civ. P. 26.  **Id.**  Additionally, the defendants argue even if the plaintiff properly disclosed Bremmer's treating physicians, Bremmer's physicians did not make causation determinations in the course of Bremmer's treatment.  **Id.**

The plaintiff argues if a treating physician forms an opinion on the causation of an injury to a patient during treatment, such opinion may be expressed without the necessity of a report under Fed. R. Civ. P. 26.  **See** Filing No. 142 - Response p. 4-8.  The plaintiff contends Bremmer's treating physicians may testify as to a cause of Bremmer's injuries because they have already opined in their medical notes the causal relationship between Bremmer's May 25, 2011, fall on the defendants' property and the medical treatment rendered.  **Id.**  The plaintiff also contends the defendants are not prejudiced if Bremmer's treating physicians opine on causation because the defendants retained an expert to counter the causation opinion found in the treating notes.  **Id.**

Rule 26 requires parties to disclose the identity of witnesses expected to offer expert testimony at trial and to provide a written report describing a testifying expert's

opinions and the basis for that opinion if the expert witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).  Expert evidence is often required to establish a causal connection between an accident and physical injury.  See *Brooks v. Union Pac. R.R. Co.*, 620 F.3d 896, 899 (8th Cir. 2010) (involving an injury with no obvious origin and a plaintiff who "did not point to a specific incident that injured him").   However, expert evidence is not required to establish the causal connection between the accident and the injury if the "connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." *Brooks*, 620 F.2d at 899 (internal quotation marks omitted).   "If the treating doctor forms an opinion about causation at the time of treatment, rather than at the request of counsel in anticipation of litigation, expert reports need not satisfy Rule 26(a)(2)." *Montes v. Union Pac. R.R. Co.*, 8:09CV226, 2011 WL 1343200 (D. Neb. Apr. 8, 2011) (**citing** *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007) (noting that "[t]his conclusion is supported by the obvious fact that doctors may need to determine the cause of an injury in order to treat it")); **see also** Fed. R. Civ. P. 26 cmt. 1993 Amendments, subdivision a, para. 2 ("A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.").

Bremmer's physicians were not retained solely to provide expert testimony in this matter; therefore, reports under Rule 26(a)(2)(B) were unnecessary.   Bremmer's treating physicians may testify to the cause of Bremmer's injuries as found in their treatment notes.  Further, the defendants seemingly had proper notice of Bremmer's treating physicians' opinions about causation because the defendants retained an expert to counter any causation opinions.  Accordingly, the motion in limine on this basis is denied.

### 6.   Testimony of John Beckenhauer or Lisa Meserez

The defendants argue the court should preclude the plaintiff from presenting testimony from John Beckenhauer (Mr. Beckenhauer) and Lisa Meserez (Ms. Meserez) because the plaintiff did not make them available for deposition.   See Filing No. 135 - Brief p. 8-9.  The plaintiff argues it did not have time to make Mr. Beckenhauer and Ms.

Meserez available for a deposition because the defendants did not request to depose Mr. Beckenhauer and Ms. Meserez until the month of the deposition deadline. **See** Filing No. 142 - Response p. 8.

Neither the plaintiff nor the defendants named Mr. Beckenhauer and Ms. Meserez as witnesses. **See** Filing No. 139 - Final Pretrial Conference Order. Accordingly, the defendants' motion in limine on this basis is denied as moot.

### 7.   Alternative dates for Bremmer's injury and first doctor visit

The defendant argues the only evidence the plaintiff provided regarding Bremmer's injury and first doctor visit shows Bremmer fell into the pit on May 25, 2011, and first visited a doctor on June 3, 2011. **See** Filing No. 135 - Brief p. 9-12. The defendant argues the plaintiff destroyed documentary evidence, called route sheets, in the plaintiff's sole custody and control that could have conclusively established those two dates. **Id.** Therefore, the defendants argue, as a spoliation sanction, the court should preclude the plaintiff from presenting any evidence, testimony, or argument suggesting Bremmer's injury occurred on a date other than May 25, 2011, and Bremmer first visited a doctor to receive treatment for his injury on a date other than June 3, 2011. **Id.**

The plaintiff argues, to the best of its knowledge, Bremmer's injury occurred May 25, 2011. **See** Filing No. 142 - Response p. 8-9. The plaintiff contends it has nothing to gain from hiding the date of Bremmer's injury. **Id.** Regarding the route sheets, the plaintiff argues it was unable to locate the route sheets and the plaintiff's human resource manager assumed the sheets were destroyed. **Id.** The plaintiff asserts it did not destroy any evidence. **Id.**

According to the courts review, at this time, there is no evidence to the contrary that Bremmer's injury occurred on May 25, 2011, and Bremmer first visited the doctor on June 3, 2011, as alleged. If evidence shows Bremmer injured himself and first visited a doctor on days different than alleged, the parties are responsible for establishing such evidence, explaining the difference between the alleged dates and new dates, and explaining why the information was not previously disclosed or

discovered.  The parties presented insufficient evidence for the court to address the spoliation of evidence issue.  The defendants' motion in limine on this ground is denied.

**IT IS ORDERED**:

1.      The plaintiff's Motion in Limine (Filing No. 130) is granted in part and denied in part as explained above.

2.      The defendants' Motion in Limine (Filing No. 134) is granted in part and denied in part as explained above.


Dated this 6th day of May, 2014.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge