IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WASTE CONNECTIONS, INC.,**<br><br>             Plaintiff,<br><br>     vs.<br><br>**APPLETON ELECTRIC, LLC and EMERSON ELECTRIC, LLC,**<br><br>             Defendants. | 8:12CV436<br><br>ORDER |

This matter is before the court on the defendant's, Emerson Electric, LLC (Emerson), Motion for Summary Judgment.  **See** Filing No. 150-1 - Motion for Summary Judgment. Emerson filed a brief (Filing No. 150-2) in support of the motion.  In response, the plaintiff, Waste Connections, Inc. (WCI), filed a Motion to Strike Emerson's summary judgment motion. **See** Filing No. 156 - Motion to Strike.  WCI also filed a brief (Filing No. 176) and index of evidence (Filing No. 177) in opposition.

**FACTS**

WCI's action arises from an injury Rick Bremmer (Bremmer) sustained on the defendant Appleton Electric, LLC's (Appleton) premises (Appleton Facility).  **See** Filing No. 1-1 - Complaint.  On May 25, 2011, Bremmer was at the Appleton Facility to deliver an order for WCI when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep and allegedly sustained a torn rotator cuff and herniated disc.  **Id.** ¶¶ 9-13, 18-19. Generally, WCI alleges the defendants' negligence caused Bremmer's injuries.  **Id.** ¶¶ 18-21. The defendants generally deny the plaintiff's allegations and assert several affirmative defenses.  **See** Filing No. 1-1 - Answer ¶¶ 3-4.

The defendants provided the following information in their corporate disclosure statement:

> Appleton Electric LLC is a wholly owned subsidiary of EGS Electrical Group, LLC. . . .  Apple JV Holding Corp. owns 55.5% of EGS Electrical Group, LLC and SPX Corporation owns the remaining 44.5%. . . .  Apple JV Holding Corp. is a wholly owned subsidiary of EECO, Inc. . . .  EECO, Inc. is a wholly owned subsidiary of Emerson Electric Co.

**See** Filing No. 10 - Corporate Disclosure Statement.  On April 7, 2014, the defendants responded to WCI's request for admission and admitted Appleton owned the facility where

Bremmer allegedly sustained his injuries. **See** Filing No. 132-2 - Response. In the Order on Final Pretrial Conference, the parties stipulated Appleton owned and operated the Appleton Facility. **See** Filing No. 139 - Order on Final Pretrial Conference.

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); **see** *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). When making this determination, a court's function is not to make credibility determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, a court must "determine whether there is a genuine issue for trial." *Schilf v. Eli Lilly & Co.*, 687 F.3d 947, 949 (8th Cir. 2012). A court must "look to the substantive law to determine whether an element is essential to a case." *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 853 (8th Cir. 2003). Additionally, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Hervey v. County of Koochiching*, 527 F.3d 711, 719 (8th Cir. 2008). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson*, 643 F.3d at 1042 (alteration in original). Specifically, the moving party "must show that 'there is an absence of evidence to support the nonmoving party's case.'" *Nitro Distrib., Inc. v. Alitcor, Inc.*, 565 F.3d 417, 427 (8th Cir. 2009) (**quoting** *Celotex*, 477 U.S. at 325). In the face of a properly supported motion, the burden shifts to the nonmoving party to "respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Torgerson*, 643 F.3d at 1042. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

> If opposing parties tell two different stories, the court must review the record, determine which facts are material and genuinely disputed, and then view those facts in a light most favorable to the

2

> non-moving party-as long as those facts are not so blatantly contradicted by the record . . . that no reasonable jury could believe them. A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor . . . without resort to speculation, conjecture, or fantasy[.]

*Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790-91 (8th Cir. 2009) (internal quotations and citations omitted). "Although a district court must rule on a motion for summary judgment after viewing the facts in the light most favorable to the non-moving party, it is not required to accept unreasonable inferences or sheer speculation as fact." *Id.* at 791 (internal quotation omitted).

## ANALYSIS

Emerson seeks dismissal from this action because Emerson does not own or operate the Appleton Facility where Bremmer allegedly sustained his injuries. **See** Filing No. 150-2 - Brief. Emerson argues the plaintiff inexplicably refuses to dismiss Emerson despite the fact that: 1) Emerson and Appleton admitted in their responsive pleadings that Appleton owned and operated the Appleton Facility; 2) Emerson and Appleton have stated in responses to requests for admission that Appleton owned and operated the Appleton Facility; and 3) all parties have stipulated in the Order on Final Pretrial Conference that Appleton owned and operated the Appleton Facility. *Id.* Emerson argues no evidence exists to show Emerson is a proper party to this action. *Id.*

In response, WCI's challenges Emerson's motion procedurally and on the merits. WCI moves to strike Emerson's summary judgment motion because the motion is untimely under Fed. R. Civ. P. 56(b). **See** Filing No. 156 - Motion to Strike; Filing No. 176 - Brief. WCI also argues Emerson admitted through its corporate disclosure that it is a parent company of Appleton and admitted pursuant to the requests for admission that the defendants owned and operated the facility Bremmer sustained his injury. **See** Filing No. 176 - Brief. Moreover, WCI contends the defendants resisted every attempt by WCI's counsel to depose a corporate representative that may have resolved this issue. *Id.*

The court realizes Emerson filed the summary judgment motion out of time; however, the court granted Emerson leave to file the motion after Emerson set forth its basis for such leave. Accordingly, WCI's Motion to Strike is denied. Additionally, the court previously addressed, and disregarded, WCI's arguments the defendants failed to designate a corporate representative or that the defendants admitted the requests for admission. **See** Filing No. 129 -

Order (holding WCI failed to comply with the notice requirements of Rule 30(b)(6)); Filing No. 169 - Order (denying WCI's attempt to have the requests for admission deemed admitted).

WCI has not presented any evidence Emerson is properly named a defendant in this action.  The fact Emerson's wholly owned subsidiary owns 55.5 percent of the company who owns Appleton does not establish Emerson as a proper party.  **See** Filing No. 10 -  Corporate Disclosure Statement.  To establish a claim for negligence, WCI must prove Emerson owed a duty to Bremmer, Emerson breached that duty, and Bremmer sustained damages that were proximately caused by Emerson's breach.  **See** *Blaser v. Cnty. of Madison*, 826 N.W.2d 554, 563 (Neb. 2013).  Owners or occupiers of a property have a duty to protect lawful visitors from conditions on the property.  *Aguallo v. City of Scottsbluff*, 678 N.W.2d 82, 89 (Neb. 2004); *Kliewer v. Wall Const. Co.*, 429 N.W.2d 373, 377-78 (Neb. 1988).  In light of Appleton's admission it owned the facility where Bremmer allegedly sustained his injuries and the lack of evidence Emerson owned the facility, Emerson's summary judgment motion is granted.  WCI's claims, if any, against Emerson are dismissed.

**IT IS ORDERED**:

1.  Emerson's Motion for Leave (Filing No. 150) and Motion for Summary Judgment (Filing No. 150-1) are granted.
2.  WCI's Motion to Strike (Filing No. 156) is denied.
3.  WCI's claims against Emerson are dismissed.

Dated this 8th day of May, 2014.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge

4