# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WASTE CONNECTIONS, INC.,** | |
| Plaintiff, | 8:12CV436 |
| vs. | |
| **APPLETON ELECTRIC, LLC,** | ORDER |
| Defendant. | |

This matter is before the court on several motions. The defendant, Appleton Electric, LLC (Appleton), filed a Motion in Limine (Filing No. 145-1, Filing No. 154) with a brief (Filing No. 146) and index of evidence (Filing No. 147) in support of the motion. The plaintiff, Waste Connections, Inc. (WCI), did not file a response. WCI filed a Motion for Certain Witnesses to Appear by Deposition (Filing No. 155) and a related Motion for Leave to Depose Witness (Filing No. 158). WCI filed an index of evidence (Filing No. 159) and an affidavit (Filing No. 160) in support of the Motion for Leave to Depose Witness. In response, Appleton filed brief (Filing No. 173) and index of evidence (Filing No. 174) in opposition. Additionally, Appleton filed a Motion for Protective Order (Filing No. 175). WCI filed a brief (Filing No. 183), index of evidence (Filing No. 184), and affidavit (Filing No. 185) in opposition to Appleton's Motion for Protective Order.

## BACKGROUND

WCI's action arises from an injury Rick Bremmer (Bremmer) sustained on Appleton's premises (Appleton Facility). **See** Filing No. 1-1 - Complaint. On May 25, 2011, Bremmer was at the Appleton Facility to deliver an order for WCI when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep and allegedly sustained a torn rotator cuff and herniated disc. *Id.* ¶¶ 9-13, 18-19. Generally, WCI alleges Appleton's negligence caused Bremmer's injuries. *Id.* ¶¶ 18-21. Appleton generally denies WCI's allegations and asserts several affirmative defenses. **See** Filing No. 1-1 - Answer ¶¶ 3-4.

## ANALYSIS

**A.** **Appleton's Motion in Limine**

Appleton moves to exclude any testimony, evidence, or argument with respect to damages relating to anything other than what WCI has actually paid to Bremmer as past

medical benefits and lost-wages.  **See** Filing No. 145-1 - Motion; Filing No. 146 - Brief.  Appleton states WCI's corporate representative, Ty Bowman (Mr. Bowman), testified WCI is only seeking damages for wage and indemnity payments and medical benefit payments made on behalf of Bremmer.  **See** Filing No. 146 - Brief (**citing** Filing No. 147 - Bowman Depo. 22:2-11, 26:10-17, 27:13-17, and 26:22 - 27:12).  Additionally, Appleton states Mr. Bowman testified WCI is not seeking future lost earnings, medical payments, or pain and suffering.  *Id.*  In light of this testimony, Appleton argues WCI has abandoned its claim for damages other than those relating to Bremmer's past medical bills and lost-wages and therefore WCI should be precluded from offering any evidence on other damages as such evidence would be irrelevant.  *Id.*

      Mr. Bowman's testimony clearly and unequivocally indicates WCI is no longer seeking to recover damages with respect to Bremmer's future medical expenses, future lost earning capacity, or past and future pain and suffering.  Additionally, the parties stipulated in the Order on Final Pretrial Conference the damages sought are limited to $181,259.05 in medical and indemnity payments.  **See** Filing No. 139 - Order on Final Pretrial Conference.  Lastly, WCI did not oppose Appleton's motion.  Accordingly, Appleton's Motion in Limine is granted.

**B.**    **WCI's Motion for Certain Witnesses to Appear by Deposition**

      WCI moves for permission for Bremmer's treating physicians, Dr. Gill and Dr. Buzzell, to appear by video deposition, and Bremmer's treating physical therapist, Terry Nelson, and physician's assistant, Lynda Shirmen, be allowed to appear by deposition, to be read into evidence in lieu of personal testimony.  **See** Filing No. 155 - Motion for Certain Witnesses to Appear by Deposition.  Additionally, WCI requests permission the keepers of the medical records and bills be allowed to testify by deposition to be read into evidence to avoid undue expenses.  *Id.*

      Terry Nelson and Lynda Shirmen are not identified as witnesses in the Order on Final Pretrial Conference; therefore, the motion as to them is denied.  **See** Filing No. 139 - Order on Final Pretrial Conference; **see also** Filing No. 162 - WCI's Proposed Witness List.  The motion is also denied as to Dr. Buzzell because a video of Dr. Buzzell's deposition does not exist and WCI is not granted leave to take a second deposition of Dr. Buzzell, which the court explains below.  As to the keepers of the medical records and Dr. Gill, the motion is granted.

**C.**    **Dr. Buzzell**

      In conjunction with WCI's Motion for Certain Witnesses to Appear by Deposition, WCI seeks leave to depose Dr. Buzzell by video.  **See** Filing No. 158 - Motion for Leave to Depose

Witness. WCI represents Appleton previously deposed Dr. Buzzell, but Appleton has since submitted a supplemental report from its expert witness, Dr. Alfred Bowles (Dr. Bowles). *Id.* WCI also states Dr. Buzzell is unavailable next week to testify.

In response, Appleton argues WCI already elicited testimony from Dr. Buzzell during Appleton's deposition of Dr. Buzzell on April 22, 2014. **See** Filing No. 173 - Response. Appleton argues a second deposition is duplicative and unreasonably cumulative. *Id.* In reply, WCI argues its request is simple and reasonable and that Appleton has not identified any prejudice due to a second deposition. **See** Filing No. 183 - Reply. WCI also argues Appleton recently deposed Bremmer's other treating doctor on May 6, 2014. *Id.*

The "new" material WCI purportedly cites as basis for this late deposition is a letter from Appleton's expert summarizing Bremmer's deposition testimony and stating "the opinions previously stated in my February 19, 2014 report remain unchanged." **See** Filing No. 159-1 - Appleton's Experts' May 1, 2014, Supplemental Report.[1] Additionally, WCI completely fails to offer any basis why Dr. Buzzell's April 22, 2014, deposition transcript is insufficient to present at trial.

**IT IS ORDERED**:

1. Appleton's Motion for Leave (Filing No. 145) and Motion in Limine (Filing No. 145-1, Filing No. 154) are granted.
2. WCI's Motion for Certain Witnesses to Appear by Deposition (Filing No. 155) is granted in part and denied in part as explained above.
3. WCI's Motion for Leave to Depose Witness (Filing No. 158) is denied.
4. Appleton's Motion for Protective Order (Filing No. 175) is granted.

Dated this 8th day of May, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] The court will address WCI's motion to strike the supplemental report in a separate order. Regardless of the ruling on WCI's motion to strike, this report does not provide a basis for a second deposition.

3