IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WASTE CONNECTIONS, INC.,** | |
| Plaintiff, | 8:12CV436 |
| vs. | |
| **APPLETON ELECTRIC, LLC,** | ORDER |
| Defendant. | |

This matter is before the court on the defendant's, Appleton Electric, LLC (Appleton), Second Application for Fees. *See* Filing No. 171 - Application. Appleton filed an index of evidence (Filing No. 172) in support of the application. The court gave the plaintiff, Waste Connections, Inc. (WCI), until May 7, 2014, to respond. *See* Filing No. 153 - Order. WCI did not file a response.

BACKGROUND

WCI's action arises from an injury Rick Bremmer (Bremmer) sustained on Appleton's premises (Appleton Facility). *See* Filing No. 1-1 - Complaint. On May 25, 2011, Bremmer was at the Appleton Facility to deliver an order for WCI when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep and allegedly sustained a torn rotator cuff and herniated disc. *Id.* ¶¶ 9-13, 18-19. Generally, WCI alleges Appleton's negligence caused Bremmer's injuries. *Id.* ¶¶ 18-21. Appleton generally denies WCI's allegations and asserts several affirmative defenses. *See* Filing No. 1-1 - Answer ¶¶ 3-4.

This application for fees is before the court following Appleton's successful motion to compel a second Fed. R. Civ. P. 30(b)(6) deposition of WCI's corporate representative. The circumstances preceding the court's award of costs and fees for the failed Rule 30(b)(6) deposition are discussed in the court's previous orders. *See* Filing Nos. 93 and 153 - Orders. The court awarded Appleton $2,846.90 for having to file the motion to compel and granted Appleton leave to file a second application for costs and fees associated with the second deposition if the parties were unable to agree

upon an adequate award. **See** Filing No. 153 - Order. Obviously, the parties were unsuccessful at reaching an agreement, hence the second application.

On May 2, 2014, Appleton's counsel, Brandan Mueller (Mr. Mueller), wrote WCI's counsel, Christopher A. Sievers (Mr. Sievers), to inform Mr. Sievers of Appleton's request for fees and costs associated with taking the second deposition. **See** Filing No. 172-2 - Emails. Mr. Mueller requested $3,711.15 in legal fees and court reporter costs. *Id.* Mr. Sievers responded on May 4, 2014, and offered to pay the $438.74[1] for the court reporter bill and an additional $185 for one hour of Mr. Mueller's time. *Id.* Mr. Sievers objected to the charges related to preparing for the second deposition. *Id.* On May 5, 2014, Mr. Mueller replied and noted agreeing to pay for one hour of his time would not even cover the amount of time spent in the deposition, which lasted over three hours. *Id.* On the same day, Mr. Sievers responded "the only costs and fees for the second deposition are 1. The court reporter fee, and 2. the time it took you to question Mr. Bowman about the subjects he wasn't prepared to answer [at the first deposition." *Id.* On May 6, 2014, counsel conferred but were unable to reach an agreement. **See** Filing No. 172-1 - Mueller Decl. ¶ 10.

Subsequently, on May 6, 2014, Appleton filed the instant application for an award of $3,711.15 in costs and fees for the second deposition. **See** Filing No. 171 - Application. Appleton provided an itemization of work counsel performed. **See** Filing No. 172-1 - Mueller Decl. ¶ 3. Mr. Mueller, a partner at Husch Blackwell, LLP, spent 10.1 hours preparing for and taking the deposition.[2] *Id.* Appleton argues the time spent taking the second deposition should be awarded because it is clearly associated with taking the deposition. **See** Filing No. 171 - Application. Appleton also argues the time counsel prepared for the deposition should be awarded because, in light of the delay between the first and second deposition, Appleton's counsel could not have adequately served Appleton's interests without taking time to prepare for the deposition. *Id.*

---

[1] The court reporter bill was $438.75. Presumably this was a typographical error in the email and Mr. Sievers did not object to the remaining one cent.

[2] Although the total hours billed is listed as 18.4, adding the three itemized entries equals 10.1 hours. **See** Filing No. 172-1 - Mueller Decl. ¶ 3. The discrepancy is likely attributable to Mr. Mueller recycling the graph used in support of Appleton's first application for fees. **Compare** Filing No. 172-1 - Mueller Decl. ¶ 3 **with** Filing No. 118-1 - Newman Decl. ¶ 3. This also explains why the total dollars billed is $3,523.70 instead of $3,272.40, as Mr. Mueller initially requested in his email to Mr. Sievers. **See** Filing No. 172-2 - Emails.

## ANALYSIS

After review of the defense counsel's affidavit and billing records, the court finds the amount sought in Appleton's application is only partly reasonable and correct. First, the court will award the court reporter costs of $438.75 as Mr. Sievers agreed to pay this amount. Second, the court will award a portion of the legal fees as explained below. Review of the graph shows Mr. Mueller worked 10.1 hours at $324 an hour for a total bill of $3,272.40. **See** Filing No. 172-1 - Mueller Decl. ¶ 3. Although WCI did not respond to Appleton's second application for fees, Mr. Sievers' challenge in his emails to the preparation fees has some merit. Nevertheless, Appleton would not have incurred any of these expenses had WCI fulfilled its obligations under Fed. R. Civ. P. 30(b)(6). The deposition began at 8:00 a.m. and ended at 11:05 a.m. **See** Filing No. 147-1 - Bowman Depo. This roughly equates to 3.1 billed hours for the deposition. The remaining seven hours were used to prepare for the deposition, which the court finds unreasonable. Appleton has not sufficiently explained why seven hours were necessary. The court will award Appleton for the 3.1 hours Mr. Mueller spent taking the deposition plus two hours of preparation at $324 an hour because Mr. Mueller likely had to parse through the first deposition transcript and familiarize himself with the deposition questions. This amount equals $1,652.40. Adding the court reporter fee to the legal fees equals $2,091.15.

The court finds sanctions in the amount of $2,091.15, for time spent preparing for and taking the second deposition, reasonable. **See** Fed. R. Civ. P. 37(a)(5)(A); **see also** Fed. R. Civ. P. 11(c)(4). This monetary sanction will be assessed against WCI and his attorney, Christopher A. Sievers. Accordingly, Appleton's application will be granted in the amount of $2,091.15. Upon consideration,

**IT IS ORDERED**:

1. Appleton's Application for Fees (Filing No. 171) is granted. Appleton is awarded reasonable costs and attorney's fees in the amount of $2,091.15, for having to prepare for and take a second deposition.

2. The plaintiff and his attorney, Christopher A. Sievers, shall have forty-five days from the date of this Order to pay Appleton the sum of $2,091.15, and file verification of payment with the court.

Dated this 9th day of May, 2014.

                                    BY THE COURT:

                                    s/ Thomas D. Thalken
                                    United States Magistrate Judge