IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**WASTE CONNECTIONS, INC.,**

        Plaintiff,

vs.

**APPLETON ELECTRIC, LLC,**

        Defendant.

8:12CV436

ORDER

      This matter is before the court on the plaintiff's, Waste Connections, Inc. (WCI), Motion to Strike Late Expert Report and Supplemental Motion in Limine. **See** Filing No. 178 - Motion. WCI filed a brief (Filing No. 179), index of evidence (Filing No. 180), and affidavit (Filing No. 181) in support of the motion. The defendant, Appleton Electric, LLC (Appleton), filed a brief (Filing No. 193) and index of evidence (Filing No. 194) in opposition.

BACKGROUND

      WCI's action arises from an injury Rick Bremmer (Bremmer) sustained on Appleton's premises (Appleton Facility). **See** Filing No. 1-1 - Complaint. On May 25, 2011, Bremmer was at the Appleton Facility to deliver an order for WCI when Bremmer fell into an open pit approximately twenty feet by twenty feet wide and five feet deep and allegedly sustained a torn rotator cuff and herniated disc. *Id.* ¶¶ 9-13, 18-19. Generally, WCI alleges Appleton's negligence caused Bremmer's injuries. *Id.* ¶¶ 18-21. Appleton generally denies WCI's allegations and asserts several affirmative defenses. **See** Filing No. 1-1 - Answer ¶¶ 3-4.

      On February 21, 2014, Appleton timely disclosed Alfred Bowles, II, M.D. (Dr. Bowles) as an expert and served WCI with a copy of Dr. Bowles' February 19, 2014, report. **See** Filing No. 180-1 - Appleton's Rule 26(a)(2) Disclosures and Dr. Bowles' February 19, 2014, report (original report). Dr. Bowles submitted his original report without the benefit of Bremmer's description of the fall. *Id.* - Dr. Bowles' Original Report. The original report discussed Bremmer's medical history prior to and following the alleged incident. *Id.* Dr. Bowles generally concluded "[t]here is no objective

confirmation that Mr. Bremmer sustained any acute traumatic injury as a result of the alleged incident." *Id.* Dr. Bowles opined, "It is my opinion to a reasonable degree of medical certainty that Mr. Bremmer's alleged fall did not cause the injuries claimed in this lawsuit." *Id.*

On March 26, 2014, Appleton deposed Bremmer. Bremmer described how he fell into the pit as follows:

> I - when I walked into that pit, I went straight down. There was grease in the bottom of that pit. My feet hit first. And my kick - shot my legs right out from under me. . . . My feet hit the bottom first. . . . And threw me backwards. . . . My head hit the concrete wall on this side [the south side]. . . . And my arm go hooked up on this wall.

**See** Filing No. 180-1 - Bremmer Depo. 176:22 - 178:6. On May 1, 2014, Dr. Bowles submitted a supplemental report which Dr. Bowles produced in response to his review of Bremmer's deposition transcript. **See** Filing No. 180-1 - Dr. Bowles' May 1, 2014, report (supplemental report). In the supplemental report, Dr. Bowles described how a person would fall if the person stepped off a stable surface into an open space according to the law of gravity. *Id.* Specifically, Dr. Bowles opined, "[t]he expected response for a forward-walking pedestrian stepping off a stable surface would be for the upper body momentum to carry the torso and arms forward and result in a forward fall of the pedestrian." *Id.* In the supplemental report, Dr. Bowles included an illustration of this scenario. *Id.* At the conclusion of the supplement report, Dr. Bowles stated, "[a]fter my review and consideration of the transcript, the opinions previously stated in my February 19, 2014 report remain unchanged." *Id.* On May 6, 2014, WCI's counsel deposed Dr. Bowles. **See** Filing No. 193 - Response.

## ANALYSIS

Federal Rule of Civil Procedure 26(e)(2), regarding supplementing disclosures for experts, provides:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to

> this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3)(B) provides "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). "District courts have broad discretion in establishing and enforcing deadlines and in maintaining compliance with discovery and pretrial orders." **In re Baycol Products Litig.**, 596 F.3d 884, 888 (8th Cir. 2010).

WCI seeks to strike the supplemental report and preclude the defendants from offering any evidence or argument based on the information in Dr. Bowles' supplemental report. **See** Filing No. 178 - Motion to Strike Late Expert Report and Supplemental Motion in Limine; Filing No. 179 - Brief. WCI argues the supplemental report is untimely under the Federal Rules of Civil Procedure. **See** Filing No. 179 - Brief. Additionally, WCI argues Appleton, through this supplemental report, is attempting to "sneak in" a radically new opinion that Bremmer is lying about how Bremmer fell into the pit. *Id.* Lastly, WCI argues Dr. Bowles fails to articulate any scientific grounds to support his opinions in the supplemental report. *Id.* (**citing Daubert**[1] **standards**).

Appleton argues Dr. Bowles offers no new opinions in the supplemental report and his opinions in both reports are based on review of an exhaustive amount of information. **See** Filing No. 193 - Response. Appleton contends the fact that Dr. Bowles is challenging the argument Bremmer injured or struck his head and shoulder could not have been clearer in his original report. *Id.* Appleton argues WCI's counsel deposed Dr. Bowles following receipt of the supplemental report and therefore cannot claim to be surprised or prejudiced by the information in the supplemental report. *Id.* Lastly, Appleton asserts WCI's **Daubert** challenge is conclusory and Dr. Bowles' opinion is based on his extensive knowledge, skill, experience, training, and education as a physician, surgeon, and biomechanical expert. *Id.*

In Dr. Bowles' original report he opined Bremmer's alleged fall did not cause the injuries claimed in this lawsuit, thus questioning Bremmer's injury. Dr. Bowles' supplemental report, after finally being provided previously unknown specific information

---

[1] **Daubert v. Merrell Dow Pharm., Inc.**, 509 U.S. 579, 592–93 (1993).

of how the fall occurred, expounds on his initial opinion the fall did not cause the injuries. Appleton promptly submitted Dr. Bowles' supplemental report within one week following Bremmer's deposition. Appleton did not delay or attempt to surprise WCI with a new defense. The timing of the supplemental report could not have been avoided considering the circumstances[2] and does not require the court to strike the report. Additionally, WCI's counsel had an opportunity to examine Dr. Bowles about the information contained in the supplemental report during a deposition. WCI had notice of Dr. Bowles' opinions and should have filed a properly supported ***Daubert*** motion after receiving his original report. Regardless of timing, WCI's current ***Daubert*** challenge is conclusory. An expert's contrary opinion whether an alleged injury occurred does not make the expert's opinion unreliable under ***Daubert***. Accordingly,

**IT IS ORDERED**:

1. WCI's Motion to Strike Late Expert Report and Supplemental Motion in Limine (Filing No. 178) is denied.

Dated this 12th day of May, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[2] One such circumstance is Bremmer's refusal to appear at two depositions when he was previously a party to this case. **See** Filing No. 129 - Order (discussing Bremmer's failure to show for two properly noticed depositions).